**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1400
_____

UNITED STATES OF AMERICA

v.

ERSKINE SMITH, II,
Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-92-cr-00146-001)
District Judge:  Honorable Maurice B. Cohill, Jr.

Submitted under Third Circuit LAR 34.1(a)
on October 27, 2011

Before:  FISHER, VANASKIE, and ROTH, Circuit Judges

(Opinion filed: January 25, 2012)

_____

O P I N I O N
_____

**ROTH**, Circuit Judge:

Erskine Smith, II, appeals the District Court's denial of his motion to reduce his

sentence pursuant to 18 U.S.C. § 3582(c)(2).  He specifically contends the court erred

when it concluded that Congress properly delegated its authority to the Sentencing

1

Commission to promulgate binding policy statements and that the President's power to appoint the members of the Commission did not violate the separation of powers principle. For the reasons expressed below, we will affirm the judgment of the District Court.

## I. Background

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On April 23, 1993, after pleading guilty to various counts of drug related offenses, including five counts of possession with intent to distribute crack cocaine, the District Court sentenced Smith to 360 months of imprisonment and five years of supervised release. His conviction and sentence were subsequently affirmed by this Court. *See United States v. Smith*, 14 F.3d 50 (3d Cir. 1993). On November 23, 2009, Smith filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence.[1] In this motion, Smith argued that he was entitled to a sentencing reduction because Amendment 706[2] of the

---

[1] Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment when his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "The court may[, however, only] reduce the [defendant's] term of imprisonment[] after considering the factors set forth in section 3553(a) . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement, U.S.S.G. § 1B1.10, provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement," U.S.S.G. § 1B1.10(a)(2), if the amendment "does not have the effect of lowering the defendant's applicable guideline range," *id.* at § 1B1.10(a)(2)(B).

[2] The United States Sentencing Commission adopted Amendment 706 to address the disparities between sentences based on crack and powder cocaine. The Amendment

2

Sentencing Guidelines retroactively lowered the base offense levels for crack cocaine offenses. Smith conceded, however, that as a career offender, the Amendment did not have the effect of mathematically lowering his Guidelines range. *See United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009). Thus, he was ineligible for a sentencing reduction pursuant to § 3582(c)(2) because U.S.S.G. § 1B1.10(a)(2) prohibits the reduction of a defendant's term of imprisonment when the amendment "does not have the effect of lowering the defendant's applicable guidelines range." U.S.S.G. § 1B1.10(a)(2)(B); *see United States v. Doe*, 564 F.3d 305, 315 (3d Cir. 2009).

Acknowledging that § 1B1.10(a)(2) is binding upon the District Court and bars his sentence reduction, Smith argued that Congress violated the non-delegation doctrine when it delegated legislative authority to the Commission that could restrict the jurisdiction of federal courts. The District Court disagreed and denied the motion. Smith appealed.

## II. Discussion

We have jurisdiction pursuant to 18 U.S.C. §§ 1291 and 3742(a), and exercise plenary review when a defendant raises purely legal issues of statutory and constitutional interpretation. *See United States v. Coleman*, 451 F.3d 154, 156 (3d Cir. 2006).

The non-delegation doctrine generally prohibits Congress from "delegat[ing] its legislative power to another Branch" of government. *Mistretta v. United States*, 488 U.S.

---

lowered the ratio between crack and powder cocaine offenses, resulting in lower guideline offense levels for crack cocaine offenses than existed before the Amendment. *See Mateo*, 560 F.3d at 154. The Sentencing Commission also declared Amendment 706 to be retroactive. *See id*.

361, 372 (1989) (citing *Field v. Clark*, 143 U.S. 649, 692 (1892)).  However, this doctrine is not violated if Congress "lay[s] down by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform." *Id.* (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 398, 408 (1928)).

In § 3582(c), Congress directed that courts may only modify a defendant's sentence in limited circumstances where (1) the defendant's term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," (2) the district court considered "the factors set forth in section 3553(a) to the extent that they are applicable," and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  In 28 U.S.C. § 994, Congress outlined the duties of the Commission.  In particular, § 994(a)(2) granted the Commission the authority to "promulgate," 28 U.S.C. § 994(a), "general policy statements regarding application of the guidelines . . . that in the view of the Commission would further the purposes set forth in section 3553(a)(2)," *id.* at § 994(a)(2).  Section 994(u) directed that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

Thus, § 994(u) clearly expresses Congress's intent to make the Commission's policy statements binding in § 3582(c) proceedings. *Doe*, 564 F.3d at 310; *see United*

4

*States v. Garcia*, 655 F.3d 426, 435 (10th Cir. 2011) ("A common-sense reading [of § 994(u)] . . . indicates that" Congress intended policy statements "to be binding in § 3582(c) proceedings"). Moreover, Congress set forth an intelligible principle in these provisions to guide the Commission. In § 994(u) Congress directed that, if the Commission "reduces the term of imprisonment" recommend in the Guidelines, it must "specify in what circumstances and by what amount" a sentence may be reduced. 28 U.S.C. § 994(u). Congress also informed the Commission in § 994(a)(2) that any policy statements must further the purposes of § 3553(a). *Id.* at § 994(a)(2). Thus, both §§ 994(u) and 994(a)(2) limit and inform the Commission on how it must exercise its delegated authority.[3] *See Mistretta*, 488 U.S. at 374 ("Congress' delegation of authority to the Sentencing Commission is sufficiently specific and detailed to meet constitutional requirements"); *see also Garcia*, 655 F.3d at 435.[4]

## III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] The Courts of Appeals for the Ninth and Tenth Circuits have also concluded that U.S.S.G. § 1B1.10 does not violate the separation of powers or non-delegation principles. *See United States v. Fox*, 631 F.3d 1128, 1133 (9th Cir. 2011); *United States v. Dryden*, 563 F.3d 1168, 1170 (10th Cir. 2009).

[4] Smith also contends that the Feeney Amendment violates the separation of powers principle by unconstitutionally modifying the composition of the seven member Commission. In particular, he asserts that, when Congress approved the Feeney Amendment, it unconstitutionally delegated its power to define an Article III court's jurisdiction to the Executive Branch by virtue of the President's power to appoint the members of the Sentencing Commission. After considering this argument, we conclude it is meritless and will not address it further. *See Mistretta*, 488 U.S. at 393-94 (noting that Congress did not violate the separation of powers doctrine when it created the Commission because "the Commission is fully accountable to Congress, which can revoke or amend any or all of the Guidelines as it sees fit").