**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4541
_____

UNITED STATES OF AMERICA

v.

BRUCE LEVETT WAYNE
also known as
BIG DADDY
also known as
BAT MAN

Bruce Levett Wayne,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1-94-cr-00017-001)
District Judge: Maurice B. Cohill

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 25, 2012

Before: HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges.*

(Opinion Filed: April 3, 2013)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Bruce Levett Wayne appeals from the District Court's denial of a reduction in his 262-month prison term. Wayne argues that the District Court should have reduced his criminal history category from level IV to level III by giving retroactive effect to United States Sentencing Guidelines Amendment 742. This amendment eliminated from the criminal history scoring process one or two points that had been awarded when the offense of conviction was committed within two years of release from imprisonment on a prior conviction.[1] Because the United States Sentencing Commission did not make Amendment 742 retroactive and Wayne's challenge to the validity of the refusal to make Amendment 742 retroactive is waived as well as meritless, we will affirm the District Court.

## I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

In August of 1994, Wayne was found guilty of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. Based upon the amount of crack cocaine attributable to Wayne (762.8 grams) and his leadership role in the conspiracy, Wayne's offense level was set at 40. Wayne was assigned seven criminal history points, which included one point pursuant to U.S.S.G. § 4A1.1(e), because he engaged in the crack conspiracy less than two years following his release from imprisonment on an earlier drug trafficking conviction. With seven criminal history points, Wayne fell within

---

[1] These points in the criminal history scoring process are sometimes referred to as "recency points." *See* Sentencing Guidelines for United States Courts, 75 Fed. Reg. 27,388, 27,393 (May 14, 2010).

criminal history category IV.[1]  Wayne's criminal history category IV and offense level 40

yielded a sentencing guideline range of 360 months to life.  On November 1, 1994,

Wayne was sentenced to 360 months in prison.

On July 2, 2008, Wayne motioned for a sentence reduction pursuant to 18 U.S.C.

§ 3582(c)(2) and the Sentencing Guideline Amendments that retroactively reduced by

two the offense level for crack cocaine offenders.  *See* U.S.S.G. app. C, amend. 706

(2011) (effective Nov. 1, 2007), and U.S.S.G. app. C., amend 713 (2011) (effective

March 3, 2008).  The District Court granted the motion, reducing Wayne's sentence to

324 months' imprisonment.

On December 12, 2011, two separate sentence reduction motions were filed on

Wayne's behalf by different lawyers.  One motion sought a reduction in Wayne's prison

term based upon Sentencing Guideline Amendment 750, which further reduced the

offense levels applicable to crack cocaine offenders and which the Sentencing

Commission did make retroactive.  *See* U.S.S.G. app. C, amend. 750 (2011) (effective

Nov. 1, 2011).  This motion was granted, and Wayne's prison term was reduced to the

bottom of the revised guidelines range of 262 to 327 months.

The other motion was based upon Amendments 742 and 750.  As noted above,

Amendment 742 eliminated the "recency points" that had been required by U.S.S.G. §

4A1.1(e).  Amendment 742 was effective November 1, 2010, but was not made

retroactive.  *United States v. Isaac*, 655 F.3d 148, 158 (3d Cir. 2011).  Had this point

been eliminated from Wayne's criminal history scoring, his criminal history category

---

[1] Had he been assigned six criminal history points, Wayne would have been in criminal history category III.

would have dropped from level IV to level III, resulting in a guideline range of 235 to 292 months. Wayne requested that his sentence be reduced to 235 months. Concluding that it lacked jurisdiction to apply Amendment 742 retroactively, the District Court denied the second sentence reduction motion. This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## A.

The first question presented in this appeal is whether the District Court had the authority to apply Amendment 742 to reduce Wayne's sentence. We review the question of the District Court's jurisdiction to consider Wayne's motion for a sentence reduction under Amendment 742 *de novo*. *See United States v. Manzella*, 475 F.3d 152, 156 (3d Cir. 2007).

Generally, a final judgment of conviction that includes a term of imprisonment may not be modified by a district court once it has been imposed. *See United States v. Flemming*, 617 F.3d 252, 256-57 (3d Cir. 2010). Congress, however, provided a mechanism for reducing a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Significantly, "a reduction under [18 U.S.C.] § 3582(c) is not authorized unless an amendment reducing the applicable guidelines range is among those listed in [U.S.S.G.] § 1B1.10(c)." *United States v. Wise*, 515 F.3d 207, 221 (3d Cir. 2008). Indeed, § 1B1.10(b)(1) specifies that

4

the Court shall substitute only the amendments that are designated as retroactively applicable by being listed in U.S.S.G. § 1B1.10(c) "for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

Amendment 742 is not among the amendments listed in U.S.S.G. § 1B1.10(c). Accordingly, the District Court did not have the authority to apply Amendment 742 to Wayne's guideline calculation. *Isaac*, 655 F.3d at 158. The fact that Amendment 750 applied retroactively did not open the door for retroactive application of other guideline amendments. *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010) (aspects of a sentence unaffected by an amendment that allows for retroactive adjustment of the guidelines range "are outside the scope of the proceeding authorized by § 3582(c)(2)"). Thus, Wayne was not eligible for a reduction in his sentence based on Amendment 742.

B.

Wayne argues, for the first time on appeal, that the Commission's decision not to make Amendment 742 retroactive violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq., and the Sentencing Reform Act. Specifically, he contends that the failure to make the elimination of recency points retroactive was arbitrary and capricious because recency points were found to only minimally improve the "predictive ability" of the criminal history score. (App. 27.) Wayne's APA argument is both waived and meritless.

"It is well established that failure to raise an issue in the district court constitutes a waiver of the argument." *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of*

5

*Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991). Thus, Wayne is precluded from presenting his APA claim for the first time in this Court.

Even if not waived, the APA claim lacks merit because the policy decision of whether to make a guideline amendment retroactive is not subject to the APA. *See United States v. Berberena*, 694 F.3d 514, 526-27 (3d Cir. 2012) (APA notice and comment provisions do not apply to the Sentencing Commission's policy statements). Indeed, "Congress decided that the Sentencing Commission would not be an 'agency' under the APA when it established the Commission as an independent entity in the judicial branch." *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1450 (D.C. Cir. 1994). Accordingly, Wayne's invocation of the APA is unavailing.

III.

For the foregoing reasons, we will affirm the District Court's order.