RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0257p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 15-2405

CLARENCE RAY BONDS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:09-cr-00185-4—Gordon J. Quist, District Judge.

Decided and Filed:  October 14, 2016

Before:  DAUGHTREY, GIBBONS, COOK, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:**  Britt M. Cobb, WILLEY & CHAMBERLAIN LLP, Grand Rapids, Michigan, for Appellant.  B. Rene Shekmer, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

_____

### OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge.  In April 2010, Clarence Bonds pled guilty to a drug-conspiracy charge and was sentenced to 120 months' imprisonment, which represented a significant downward variance from his guideline range of 210 to 262 months. In November 2015, the district court denied Bonds's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), on the erroneous ground that Bonds had been sentenced to the statutory mandatory minimum, when, in fact, there was no applicable mandatory minimum sentence.

1

On appeal, Bonds argues for the first time that the retroactive Amendment 782 opens the door to applying the non-retroactive Amendment 742, which would change his criminal history from a category of VI to V. Only if Amendment 742 applies in conjunction with Amendment 782 is Bonds eligible for a sentence reduction. Because courts do not have the authority to consider the non-retroactive Amendment 742 in determining eligibility for a § 3582(c)(2) reduction, we affirm the district court's denial of Bonds's motion.

I.

Bonds was named in a superseding indictment dated August 20, 2009, for conspiracy to possess with intent to distribute 50 grams or more of cocaine base—a crime which, at that time, carried a mandatory minimum sentence of 10 years' imprisonment. Pursuant to a plea agreement, Bonds pled guilty in December 2009 to a one-count criminal information for conspiracy to possess with intent to distribute an unspecified amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). The statutory penalty for the offense was not more than 20 years in prison; no mandatory minimum sentence applied. 21 U.S.C. § 841(b)(1)(C). In accordance with the plea agreement, the superseding indictment was dismissed as to Bonds.

The probation officer prepared a presentence investigation report ("PSR"), which attributed 113.4 grams of cocaine base to Bonds under the 2009 edition of the *Guidelines Manual*, resulting in a base offense level of 30. At that time, a base offense level of 30 applied to quantities of cocaine base in the amount of 50 grams to 150 grams. U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (U.S. Sentencing Comm'n 2009). The PSR calculated Bonds's criminal history category as VI. Bonds's criminal history score was 13, which included a one-point increase pursuant to U.S.S.G. § 4A1.1(e) because the instant offense was committed less than two years after his release from state prison. The PSR found no other applicable enhancements or reductions. Thus, the PSR concluded that Bonds's sentencing range was 168 to 210 months.

At sentencing, the district court found that Bonds was responsible for only 90 grams of cocaine base, which did not change the base offense level of 30. The district court further

applied the two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, making Bonds's total offense level 32. The court agreed that Bonds's criminal history category of VI was appropriate, making his sentencing range 210 to 262 months. The court, however, varied downward in sentencing Bonds to 120 months' imprisonment because of the crack-versus-powder cocaine disparity, Bonds's mental health, the short time he was involved in the conspiracy, and his family background. Bonds did not appeal his sentence.

In March 2015, Bonds filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. Counsel was appointed, and the probation officer filed a sentence modification report ("SMR"). The SMR incorrectly attributed 113.4 grams of cocaine base to Bonds and thus calculated his base offense level as 26. With the two-point enhancement for obstruction of justice, and Bonds's criminal history category of VI, the SMR calculated Bonds's guideline range as 140 to 175 months. The SMR therefore recommended that Bonds was ineligible for a sentence reduction because he was subjected to a mandatory minimum and because his original sentence was lower than the bottom of his amended guideline range. In response to the SMR, Bonds's federal public defender concurred with the report finding that he was not eligible for a sentence reduction. The federal public defender did not object to the SMR's erroneous attribution of 113.4 grams, rather than 90 grams,[1] of cocaine base to Bonds, nor did she object on the basis that Bonds was not subject to a mandatory minimum sentence.

The district court then denied Bonds's motion, based on its finding that it had imposed the mandatory minimum sentence of 120 months. Bonds was appointed new counsel and appealed the court's denial of his motion. As part of the appeal, Bonds's appellate counsel requested a transcript of the sentencing proceedings.

---

[1]Pursuant to the 2014 Sentencing Guidelines, cocaine base quantities of 112 grams to 196 grams are scored at a base offense level of 26, whereas cocaine base quantities of 28 grams to 112 grams are scored at a base offense level of 24. U.S. Sentencing Guidelines Manual § 2D1.1(c)(7)–(8) (U.S. Sentencing Comm'n 2014).

II.

A.

This court reviews the district court's determination that a defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) *de novo*. *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (citing *United States v. Joiner*, 727 F.3d 601, 604 (6th Cir. 2013)). Because Bonds failed to file any objections in the district court, he must show plain error as to the claims he now raises. *United States v. Brookins*, 410 F. App'x 918, 920 (6th Cir. 2011) (citing Fed. R. Crim. P. 52(b)). Thus, Bonds must demonstrate "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (*en banc*) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

B.

Bonds may be eligible for a sentence reduction if "(1) [he] 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission'; and (2) such reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). "[T]o satisfy the second requirement, 'a guidelines amendment must have the effect of lowering the defendant's applicable guideline range.'" *Id.* (quoting *United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010)). Put another way, "pursuant to 18 U.S.C. § 3582(c)(2), a district court is not authorized to reduce a defendant's sentence below the amended Guidelines range." *United States v. Washington*, 584 F.3d 693, 701 (6th Cir. 2009); U.S.S.G. § 1B1.10(b)(2)(A). Further, district courts may not reduce a defendant's sentence below his amended guideline range except to account for substantial assistance. *Taylor*, 815 F.3d at 250–51 (citing U.S.S.G. § 1B1.10(b)). Thus, in order to be eligible for a § 3582(c)(2) sentence reduction, Bonds must demonstrate that his amended guideline range is below 120 months' imprisonment.

In 2014, the Commission passed Amendment 782, which reduced the base offense levels for most drug-trafficking crimes, and Amendment 788, which made Amendment 782 retroactive.

*United States v. Ferguson*, No. 15-6240, 2016 WL 4056052, at \*2 (6th Cir. July 29, 2016); *see also* U.S.S.G. § 1B1.10(d) (listing Amendment 782). Amendment 742, on the other hand, struck the provision of the former subsection (e) of U.S.S.G. § 4A1.1, which had provided: "Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b). . . ." U.S.S.G. § 4A1.1(e) (2009 ed.); *United States v. Galaviz*, 645 F.3d 347, 363 (6th Cir. 2011). Unlike Amendment 782, however, Amendment 742 was not explicitly made retroactive by its inclusion in U.S.S.G. § 1B1.10(d). *United States v. Urena*, 659 F.3d 903, 909 (9th Cir. 2011) (noting that "[t]he change implemented by Amendment 742 is not designated as retroactive"); U.S.S.G. § 1B1.10(d).

Here, the retroactive application of Amendment 782 to Bonds is not at issue. The parties contest only whether Amendment 742 applies to Bonds.[2] As Bonds did not raise this issue before the district court, this court reviews it for plain error. If Bonds were sentenced under the 2014 Guidelines Manual, then his base offense level would be 24 for 90 grams of cocaine base.[3] U.S.S.G. § 2D1.1(c)(8) (applying level 24 for cocaine base quantities between 28 grams and 112 grams). With the two-point obstruction of justice enhancement, his total offense level would be 26. If his criminal history remains at category VI, as the government argues, then his guideline range would be 120 to 150 months' imprisonment, in which case Bonds would not be eligible for a reduction. However, if Amendment 742 applies, as Bonds contends, then Bonds's criminal history would be category V, which would amend his guideline range to 110 to 137 months, making him eligible for a reduction.

Whether Amendment 742 may be applied in conjunction with Amendment 782 appears to be a question of first impression for any court of appeals. However, the Court of Appeals for the Third Circuit previously considered whether a motion to reduce a sentence pursuant to retroactive Amendment 750, which reduced the offense levels applicable to cocaine base offenders, allowed the court also to apply Amendment 742. *United States v. Wayne*,

---

[2]The parties do not contest that if Amendment 742 applies to Bonds, then his criminal history category would be V.

[3]Though the SMR attributed 113.4 grams of cocaine base to Bonds, the court at sentencing attributed only 90 grams of cocaine base to Bonds.

516 F. App'x 135, 137 (3d Cir. 2013).[4] The Third Circuit reasoned that because Amendment 742 is not retroactive, the district court lacked the authority to apply it in conjunction with Amendment 750. *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 831 (2010)). We adopt the Third Circuit's reasoning and find that Amendment 782 does not permit district courts to apply other non-retroactive amendments.

As an initial matter, "proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see also Dillon*, 560 U.S. at 831 ("[Section] 3582(c)(2) does not authorize a resentencing."). Rather, they "permit[] a sentence reduction within the narrow bounds established by the Commission." *Dillon*, 560 U.S. at 831. The Commission's policy statements on § 3582(c)(2) motions are binding on this court. *United States v. Horn*, 679 F.3d 397, 404 (6th Cir. 2012) (citing *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011); *United States v. Smith*, 459 F. App'x 99, 100–01 (3d Cir. 2012)).

Section 1B1.10 of the Sentencing Guidelines contains the policy statement for § 3582(c)(2). Subsection 1B1.10(a) provides that the court may reduce the defendant's term of imprisonment if the applicable guideline range has subsequently been lowered by one of the amendments named in subsection (d). Similarly, § 1B1.10(b)(1) addresses the determination of the reduction in the term of imprisonment as follows: "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." The policy statement continues: "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* While Amendment 782 is listed in subsection (d), notably absent is Amendment 742. *Id.* § 1B1.10(d). The policy statement is clear and unambiguous[5] that courts may not consider Amendment 742 under motions pursuant to § 3582(c)(2). The commentary further supports this conclusion: "In

---

[4]In *United States v. Johnson*, 703 F.3d 464, 467–71 (8th Cir. 2013), the Court of Appeals for the Eighth Circuit found that applying Amendment 750—but not Amendment 742—to a defendant's sentence pursuant to § 3582(c)(2) did not violate the defendant's right to due process, nor was such decision arbitrary and capricious.

[5]"In interpreting the Sentencing Guidelines, the traditional canons of statutory interpretation apply." *United States v. Jackson*, 635 F.3d 205, 209 (6th Cir. 2011).

determining the amended guideline range . . . , the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10 appl. n.2.

Bonds argues that the so-called "one book" rule of U.S.S.G. § 1B1.11(b)(2), which provides that "[t]he Guidelines Manual in effect on a particular date shall be applied in its entirety," supports his position that Amendment 782 opens the door to the application of Amendment 742. Such a broad reading of this provision, however, would strip § 1B1.10, as discussed above, of any import, in violation of the presumption against superfluity. *See Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp.*, 654 F.3d 654, 657 (6th Cir. 2011) (explaining that courts must not "interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous" (quoting *Menuskin v. Williams*, 145 F.3d 755, 768 (6th Cir. 1998))). To the extent that the provisions of § 1B1.10 and § 1B1.11 conflict, § 1B1.10 controls because it provides more specific guidance. *See United States v. Kumar*, 750 F.3d 563, 568–69 (6th Cir. 2014) ("One of the most basic canons of statutory interpretation is that a more specific provision takes precedence over a more general one." (quoting *United States v. Perry*, 360 F.3d 519, 535 (6th Cir. 2004))). Moreover, if the court were to adopt Bonds's reasoning, then the retroactivity decisions of the Commission would be applied inconsistently. That is, a defendant who stood to benefit from a retroactive amendment would doubly benefit from a non-retroactive amendment, whereas a defendant to whom only non-retroactive amendments applied would find no relief.

The district court acted within its authority when it denied Bonds's motion for a sentence reduction, though its attribution of 113.4 grams of cocaine base and its conclusion that Bonds was not entitled to a reduction because he was sentenced to the statutory mandatory minimum were obvious errors. These errors, however, do not rise to the level of plain error here. Because we may affirm a district court's decision for any reason presented in the record, even if the reason was not raised below, *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003), we conclude that Bonds was not entitled to a sentence reduction because his amended guidance range was 120 to 150 months. The fact that Amendment 782 "applied retroactively did

not open the door for retroactive application of other guideline amendments." *See Wayne*, 516 F. App'x at 137.

III.

For the reasons stated above, we affirm.