NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0149n.06

No. 15-4232

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE SOUTHERN |
| ANTONIO SIBLEY, | ) DISTRICT OF OHIO |
| | ) |
| Defendant-Appellant. | ) |

Before: GIBBONS, COOK, KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Antonio Sibley took pornographic pictures of a 17 year-old girl named Diamond. A jury later convicted Sibley of sexually exploiting a minor, and the district court sentenced him to 330 months in prison. Sibley appeals on six grounds relating to his indictment, trial, and sentencing. We reject all of his arguments and affirm.

I.

Diamond was a runaway who at various times prostituted herself to survive. She met Sibley when he was 36 years old and she was 15. Soon Diamond moved into Sibley's home, joining his children and their mother there. Diamond and Sibley began a sexual relationship, which they maintained over the next two years—even as Diamond spent time in juvenile detention, jail, and several foster homes.

Diamond ran away with Sibley soon after she turned 17. In July 2014, he took her to the Casa Villa Motel in Columbus, Ohio, where they stayed for most of the month. Sibley forbade her from seeing her sister, and whenever she tried to get away from him he would track her

down. When Sibley started running out of cash, he suggested that Diamond prostitute herself. Diamond was surprised and angry, but eventually she agreed because she felt she had no other options. Sibley created ads for dates with "Benzi" (a pseudonym for Diamond) and posted them on the adult section of Backpage.com. Sibley listed his own phone number on the ads and posted various photographs of Diamond, which he had taken with his cell phone. On July 15, 20, and 26, he took more photographs of Diamond, this time showing her in sexually explicit positions. (These pictures he kept private.) Meanwhile, men responded to the Backpage advertisements and paid Diamond for sex; Sibley kept all the money.

In late July, the National Center for Missing and Exploited Children sent Detective Aaron Dennis a tip about a missing girl who was likely being prostituted in Columbus, Ohio. The tip included a picture of the girl, a link to a Backpage.com ad, and a phone number. Dennis went to Backpage.com, found the ad for dates with Benzi, and texted the phone number on the ad. He arranged to meet the girl at the Casa Villa Motel. When Dennis arrived, Diamond introduced herself as Benzi and invited him into a motel room, where they "negotiated vaginal intercourse for $120." Then Dennis revealed that he was a police officer. He called other officers into the room and identified Benzi as Diamond, the girl in the missing-child report. The officers determined that the motel room was in Sibley's name. They arrested him when he got back. When they searched the motel room, they found Sibley's cell phone, which had the same phone number as the Backpage.com account and was associated with the same email address: Luvdathoe@gmail.com. On the phone itself, the officers found at least nine sexually explicit photographs of Diamond, three of which also featured male genitalia.

A grand jury thereafter indicted Sibley on one count of child sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), and 1594(a), and one count of sexually exploiting a

minor in violation of 18 U.S.C. § 2251(a). The indictment specifically alleged that Sibley had used a cell phone (which had been manufactured in interstate commerce) to produce "digital image files depicting [Diamond] partially nude with a focus on her genitals and anus and engaged in oral sexual copulation[.]"

At trial, Diamond testified that she was the girl in the nine pornographic pictures, that Sibley had taken all of them, and that the male genitalia in the photos belonged to Sibley. The government later called as a witness Dr. Sharon Cooper, offering her as an expert in the area of child prostitution. The court recognized her as an expert in front of the jury. After the close of evidence, the government asked the court to instruct the jury that "[a] minor may not legally consent to being sexually exploited." The court gave that instruction over Sibley's objection, observing that the instruction was "right out of" the opinion in an Eighth Circuit case.

The jury convicted Sibley of sexually exploiting Diamond, but did not reach a verdict on the charge for child sex-trafficking, which the district court later dismissed. At sentencing, the court increased Sibley's Guidelines range by five offense levels because it found that Sibley had "engaged in a pattern of . . . prohibited sexual conduct" by taking pornographic pictures of Diamond on multiple occasions. U.S.S.G. § 4B1.5(b). That gave Sibley a sentencing range of 324 to 360 months. The court then discussed in detail the nature and circumstances of the offense, Sibley's history and characteristics, the importance of promoting respect for the law and imposing a just punishment, as well as the other relevant 18 U.S.C. § 3553(a) factors. The court sentenced Sibley to 330 months' imprisonment. This appeal followed.

II.

A.

Sibley argues that the count of his indictment that charged him with producing sexually explicit photographs of Diamond—the count of which he was convicted—was "duplicitous," *i.e.*, that it charged him with "separate and distinct crimes[.]" *United States v. Singer*, 782 F.3d 270, 275 (6th Cir. 2015) (citation omitted). Sibley did not make this argument below, so we review it only for plain error. *Id.* Under 18 U.S.C. § 2251(a), a person is guilty of sexual exploitation of a minor if (in addition to an interstate commerce element) he "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct."

Here, the indictment alleged that Sibley had used Diamond to produce multiple pornographic digital-image files over a ten-day period. The government introduced nine of these images in evidence at trial. Sibley asserts that each of those nine images represented a distinct offense that the government was required to charge in a separate count.

To obtain relief on plain-error review, Sibley must show among other things that the district court made a clear error that affected his substantial rights. *United States v. Bonds*, 839 F.3d 524, 527 (6th Cir. 2016) (citation omitted). We cut to the question whether the putative duplicity affected Sibley's substantial rights. He says it did, because in his view some members of the jury might have thought he took some of the photos while other members might have thought he took only others. Thus, he says, the jury might have convicted him without reaching unanimous agreement as to any single photograph. *See United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002). But Sibley "points to nothing in the record that would allow a juror to infer" that he had taken some of the photographs but not others. *United States v. Kakos*, 483 F.3d 441,

-4-

446 (6th Cir. 2007).  And Diamond testified that he took all nine of the pictures.  Thus, we see no prejudice in the government's decision to charge him in one count rather than nine.  *Singer*, 782 F.3d at 276; *see Bonds*, 839 F.3d at 527.

B.

Sibley next argues that the district court erred when it identified a government witness, Dr. Sharon Cooper, as an expert.  Sibley did not object at trial, so again we review for plain error.  *United States v. Collins*, 799 F.3d 554, 574 (6th Cir. 2015).

The district court should not have referred to Cooper as an expert in front of the jury, because doing so "lends a note of approval to the witness that inordinately enhances [her] stature and detracts from the court's neutrality and detachment."  *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007).  But that does not mean that Sibley is entitled to relief under plain-error review.  Instead he must show that the error affected his substantial rights.  *United States v. Sherer*, 770 F.3d 407, 412 (6th Cir. 2014).

Sibley contends that Cooper's testimony portrayed Diamond as a victim, which might have caused the jury to discount Sibley's defense that someone besides Sibley took the photographs.  Cooper testified about child prostitution, the circumstances that make children vulnerable to sex trafficking, the relationships between victims and their traffickers, and the psychological effects of trafficking on its victims.  She mentioned sexually explicit photographs twice, when she noted that sex traffickers and child abusers sometimes take pornographic photos to use as blackmail or to memorialize sexual abuse.  But no one at trial accused Sibley of taking pictures of Diamond for those purposes.  Cooper did not express a view on (nor was she asked about) whether Sibley had taken pornographic pictures.  Instead, Diamond was the witness who identified Sibley as the photographer.  And the jury believed Diamond's story despite Cooper's

-5-

testimony, not because of it: Cooper admitted that children sometimes make false accusations about trafficking or abuse, either to protect themselves or because they have a vendetta against the person accused. Moreover, the district court's jury instructions—that the jurors could reject Cooper's opinions, and that they alone should decide "how much of [Cooper's] testimony to believe and how much weight it deserves"—minimized any risk that the court's reference to Cooper as an expert might have improperly influenced the jury. *See Johnson*, 488 F.3d at 698 (citation omitted). Thus, Sibley's argument—that Cooper might have made the jury more inclined to think that he took the photographs—is meritless.

## C.

Sibley next argues that the jury lacked sufficient evidence to convict him of sexually exploiting Diamond. *See* 18 U.S.C. § 2251(a). We affirm the conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Hill v. Mitchell*, 842 F.3d 910, 933 (6th Cir. 2016) (citation omitted).

Sibley challenges the proofs only as to a single element of 18 U.S.C. § 2251(a): namely, the requirement that he "used" or otherwise exploited a minor. Sibley concedes that he used Diamond for the purposes of 18 U.S.C. § 2251(a) if he photographed her to create child pornography. *See United States v. Wright*, 774 F.3d 1085, 1091 (6th Cir. 2014). But he asserts that the photographs here were not child pornography for two reasons: first, because Diamond consented to the photography and was "of legal age to enter into a sexual relationship" under Ohio law; and second, because "neither Diamond nor Sibley ever intended the photographs to be seen by any other person." The definition of "child pornography," however, includes "any visual depiction" produced using "a minor engaging in sexually explicit conduct," regardless of the

photographer's intent to share the image or the minor's consent. 18 U.S.C. § 2256(8); *see Wright*, 774 F.3d at 1091 (gathering cases). And whether Ohio law permitted the sexual conduct in the photographs is irrelevant to whether Sibley violated the federal child-pornography laws. Thus, the jury had enough evidence to find that Sibley used Diamond, a 17 year-old girl, in violation of 18 U.S.C. § 2251(a).

That conclusion likewise disposes of Sibley's next argument: that the district court erred when it instructed the jury that "[a] minor may not legally consent to being sexually exploited." As shown above, Diamond's consent is irrelevant to the question whether Sibley used her for the purposes of 18 U.S.C. § 2251(a). *See Wright*, 774 F.3d at 1091. The district court's instruction was correct. *United States v. Raplinger*, 555 F.3d 687, 692-93 (8th Cir. 2009).

## D.

Sibley's remaining two arguments concern his sentence. Sibley first argues that the district court improperly enhanced his Guidelines range under U.S.S.G. § 4B1.5(b), which increases the defendant's offense level by five if the "instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct[.]" U.S.S.G. § 4B1.5(b). The district court found that Sibley had engaged in a pattern of producing child pornography when he took sexually explicit photographs of Diamond on three different days in July 2015. Sibley now asserts that the district court could not derive a pattern from those photographs because they were all part of the underlying "offense of conviction[.]" *Id.* We review de novo the district court's interpretation of a Guidelines provision. *United States v. Henry*, 819 F.3d 856, 864 (6th Cir. 2016).

A defendant engages in "a pattern of activity" if he has committed prohibited sexual acts (which include producing child pornography) "on at least two separate occasions[.]" U.S.S.G.

§ 4B1.5(b) cmt. n. 4(B)(i).  A court may consider "[a]n occasion" of misconduct as a part of a pattern "without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion."  *Id.* § 4B1.5(b) cmt. n. 4(B)(ii).  The Guidelines Commentary thus makes clear that a district court may apply this enhancement based on conduct giving rise to the conviction, which is all the district court did here.  Sibley's argument is without merit.

Finally, Sibley argues that his 330-month sentence is substantively unreasonable and "borders on Constitutional error."  We review the substantive reasonableness of Sibley's sentence for an abuse of discretion.  *United States v. Carpenter*, 819 F.3d 880, 893 (6th Cir. 2016).  A sentence is substantively unreasonable when the district court bases it "on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor."  *United States v. Moon*, 808 F.3d 1085, 1090 (6th Cir. 2015) (citation omitted).  Here, we presume that Sibley's sentence was not substantively unreasonable because it fell within his Guidelines range of 324 to 360 months.  *See Carpenter*, 819 F.3d at 893.

Sibley thinks that his 330-month sentence is unreasonable for two reasons.  First, he contends that his sentence should have been shorter because the photographs depicted conduct that was legal in Ohio.  Consensual or not, however, Sibley repeatedly took photographs of a partially nude 17 year-old girl posing in sexual positions and performing oral sex on him.  The district court noted that the circumstances of Sibley's offence were "terrible" and that sexual exploitation of minors is a "very serious crime."  We see no abuse of discretion in that reasoning.  Second, Sibley contends that the district court overlooked mitigating evidence, including that he was "turning his life around" at the time of the offense.  We disagree: the district court broadly

considered mitigating evidence (including that Sibley had tried "to be a good father"), but found that Sibley's long criminal record and the other § 3553(a) factors supported a within-Guidelines sentence. Sibley's 330-month sentence was substantively reasonable.

\* \* \*

The district court's judgment is affirmed.