**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0227n.06

No. 16-6493

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 19, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | On Appeal from the United States |
| THOMAS A. PAYNE, | ) | District Court for the Middle |
| | ) | District of Tennessee |
| Defendant-Appellant. | ) | |
| | ) | |

_____/

**Before: GUY, SILER, and DONALD, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Defendant, Thomas Payne, appeals the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

**I.**

Defendant received a substantial downward variance after pleading guilty to a six-count indictment for distributing methamphetamine, 18 U.S.C. § 841(a)(1), and conspiracy to distribute methamphetamine, 18 U.S.C. § 846. Years later, the United States Sentencing Commission issued a policy statement reducing offense levels assigned

to offenses based on drug quantity, and made the amendment retroactive, permitting resentencing under § 3582(c)(2) so long as it was "consistent with applicable policy statements issued by the Sentencing Commission." Amendment 759 to U.S.S.G. § 1B1.10(b)(2) – a policy statement – prohibited district courts in § 3582(c)(2) proceedings from reducing an offender's sentence to a term less than the low end of the amended guidelines range except where the original below-guidelines sentence was based on a government motion for a substantial assistance reduction. *See* U.S.S.G. App. C amend. 759 (2011).

Defendant moved the district court for a § 3582(c)(2) reduction despite not receiving a variance based on substantial assistance. The district court denied the motion, ruling that defendant was ineligible for a further reduction. It also indicated that were he eligible, the court "would not be inclined to grant one, given the fact that the [previous] variance granted by the court was more than a 50% departure downward from the bottom of the guidelines – a truly generous and extraordinary variance."

On appeal, defendant challenges the legality of Amendment 759. He argues that Sentencing Commission policy statements have binding effect and thus must comply with the Administrative Procedure Act's ("APA") notice-and-comment requirements. He also contends that Amendment 759 is arbitrary and capricious under the APA, and the district court therefore should have ignored it and granted § 3582(c)(2) relief for reasons other than substantial assistance.

**II.**

We review *de novo* a district court's conclusion that it lacks the authority to reduce a sentence under 18 U.S.C. § 3582(c)(2) due to a defendant's ineligibility. *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016).

**III.**

Despite defendant's protests to the contrary, the Sentencing Commission is not subject to the APA except where Congress explicitly directed – i.e., in promulgating guidelines pursuant to 28 U.S.C. § 994. *See United States v. Maiello*, 805 F.3d 992, 998 (11th Cir. 2015); *United States v. Tercero*, 734 F.3d 979, 984 (9th Cir. 2013), *United States v. Wayne*, 516 F. App'x 135, 138 (3d Cir. 2013); *United States v. Johnson*, 703 F.3d 464, 468 (8th Cir. 2013); *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1450 (D.C. Cir. 1994). Grafting a notice-and-comment requirement onto the Sentencing Reform Act where Congress declined to do so would be both atextual and contrary to official legislative history.[1] Defendant's "inferred [congressional] intent . . . does not stand in the face of explicit statutory language" to the contrary. *United States v. Horn*, 679 F.3d 397, 403 (6th Cir. 2012).

---

[1] The Senate Report on the Sentencing Reform Act provides:

> Subsection (w) makes the provisions of 5 U.S.C. 553, the provisions of the Administrative Procedure Act that relate to rulemaking, applicable to the promulgation of guidelines pursuant to Section 994. This is an exception to the general inapplicability of the Administrative Procedure Act – including its requirement of publication in the Federal Register – to the judicial branch.

S. Rep. No. 98-225, at 180-81 (1983).

Except where litigants allege a constitutional infirmity, courts "lack authority 'to impose upon [an] agency [their] own notion of which procedures are 'best' or most likely to further some vague, undefined public good.'" *Perez v. Mortg. Bankers Ass'n*, 135 S. Ct. 1199, 1207 (2015) (quoting *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council*, 435 U.S. 519, 549 (1978)). Here, defendant raises no constitutional claims, merely characterizing the exemption of Sentencing Commission policy statements from APA requirements as "an anomaly." And, indeed, he could not raise a constitutional claim, as "the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled." *Johnson*, 703 F.3d at 469 (quoting *Dillon v. United States*, 560 U.S. 817, 828 (2010)). Anomalous or otherwise, it was within Congress's authority to subject some actions of the Sentencing Commission to the strictures of the APA while exempting others. *See Horn*, 679 F.3d at 403-04 ("Unless unconstitutional, Congress is free to change the rules by which an agency plays.").

* * *

The district court correctly ruled that defendant is ineligible for a sentence reduction under § 3582(c)(2), and that it therefore lacked authority to further reduce his sentence.

**AFFIRMED.**