**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4235**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT MADISON BROOKS, a/k/a Pooh,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Senior District Judge. (0:02-cr-01173-JFA-2)

Submitted: October 31, 2019                    Decided: December 20, 2019

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Parks N. Small, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Jane Barrett Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Madison Brooks appeals the district court's amended judgment granting his motion for a sentence reduction under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, and reducing his sentence. Brooks argues that his recalculated Sentencing Guidelines sentence should have given him the benefit of Guidelines Amendment 742, which eliminated a criminal history point for a prior recent sentence. *See* U.S. Sentencing Guidelines Manual § 4A1.1(e) (2003). Brooks claims that his recalculated Guidelines sentence was arrived at by using two versions of the Guidelines, in violation of the "one-book rule" under U.S.S.G. § 1B1.11(b)(2). We affirm.

Because Brooks failed to object to the recalculation of his Guidelines sentence, review is for plain error. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *Id.* at 685. A plain error affects substantial rights if there is a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). "[T]he *defendant* bears the burden of satisfying each of the elements of the plain error standard." *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009). "If each of those three requirements are satisfied, we possess discretion on whether to recognize the error, but . . . should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Cohen*, 888 F.3d at 685 (internal quotation marks omitted).

2

We conclude that the district court did not err, notwithstanding the one-book rule, because U.S.S.G. § 1B1.10 provides that only some Guidelines Amendments are retroactive, and Amendment 742 is not one of them. *See* U.S.S.G. § 1B1.10(d) (listing retroactive amendments); *United States v. Gutierrez*, 859 F.3d 1261, 1263 (10th Cir. 2017) (noting that Amendment 742 is not retroactive). To the extent that § 1B1.10 and the one-book rule conflict, the former "controls because it provides more specific guidance" and because adopting Brooks's argument would "strip § 1B1.10 of any import, in violation of the presumption against superfluity." *Gutierrez*, 859 F.3d at 1269–70 (quoting *United States v. Bonds*, 839 F.3d 524, 529–30 (6th Cir. 2016) (alterations adopted)). Further, contrary to what Brooks asserts, neither the First Step Act nor the Fair Sentencing Act permitted the district court to apply Amendment 742. *See United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (explaining that under the First Step Act, "[t]he district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act," which do not include Amendment 742).

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3