RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0238p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

　　　　　　　*Plaintiff-Appellee*,

　　　*v.*

TAMIR ABDULLAH,

　　　　　　　*Defendant-Appellant.*

No. 24-3093

─────────────────

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:03-cr-00486-1—John R. Adams, District Judge.

Decided and Filed:  October 22, 2024

Before:  GRIFFIN, KETHLEDGE, and BUSH, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Christian J. Grostic, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant.  Adam J. Joines, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

GRIFFIN, Circuit Judge.

Several months before the COVID-19 pandemic began, defendant Tamir Abdullah—a federal prisoner convicted of crack-cocaine offenses—moved to reduce his sentence under Section 404 of the First Step Act of 2018.  He sought to benefit from the Fair Sentencing Act's aim at lessening the sentencing disparity between offenses involving crack cocaine and those involving other types of cocaine, made retroactive by the First Step Act.  Over the next four and

a half years, Abdullah continued to press his sentence-reduction arguments through several filings and at a hearing on his motion. When the district court finally decided Abdullah's motion, it failed to address the motion's merits; the court instead construed the motion as one seeking "compassionate release" due to the pandemic and denied it because Abdullah's prison had only two positive cases of COVID-19 at the time. Though the district court undoubtedly erred in its interpretation of Abdullah's motion, we nevertheless affirm the denial of the motion because intervening caselaw prohibits Abdullah from receiving a sentence reduction under the Fair Sentencing and First Step Acts.

I.

A jury convicted Abdullah and a co-defendant, Calvin Caver, in 2004 of conspiring to possess with the intent to distribute at least 500 grams but less than 1.5 kilograms of crack cocaine (cocaine base), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. At the time, § 841(b)(1)(A) mandated a life sentence for defendants convicted of drug offenses involving 50 grams or more of crack cocaine and who had two or more prior felony-drug convictions. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii) (2002), 846. Abdullah and Caver met these criteria and were sentenced to life in prison.

In 2010, Congress passed the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which sought to reduce the disparity between sentences for offenses involving crack cocaine and those involving other forms of cocaine. *See United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020). Relevant here, the act increased the threshold quantity of crack cocaine that triggers a mandatory life sentence from 50 grams to 280 grams. *Id.*; § 2, 124 Stat. at 2372. That change, however, did not become retroactive until Congress passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Only after that act became effective could a defendant convicted of a "covered offense" and sentenced before August 3, 2010, take advantage of the Fair Sentencing Act's reduced threshold quantities. *See Boulding*, 960 F.3d at 777; § 404, 132 Stat. at 5222.

Based on that retroactivity provision, Abdullah moved to reduce his sentence on August 13, 2019. He argued that he was convicted of a "covered offense," meaning he was

eligible for a sentence reduction, and that the district court should exercise its discretion to reduce his life sentence. From August 2019 to July 2020, Abdullah proceeded to file at least four supplements to the motion, most of which reiterated or further explained his sentence-reduction arguments pursuant to the First Step Act. In July 2020, the district court held a hearing on the motion, focusing on Abdullah's eligibility for a sentence reduction and on whether the court had discretion to reduce his sentence if he was indeed eligible. After the hearing, Abdullah filed another four supplements in support of his motion—the last in June 2021.

The motion then remained pending for the next two and a half years until the district court purportedly denied it on January 24, 2024. Inexplicably, the district court's one-and-a-half-page order did not acknowledge Abdullah's sentence-reduction arguments. Rather, the court held that Abdullah was not entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A) because his motion "present[ed] only a speculative risk" of COVID-19 infection at a facility where only two positive cases existed at the time. The district court did not address whether Abdullah was eligible for relief under the Fair Sentencing and First Step Acts. Abdullah timely appealed.

## II.

We review the denial of a motion for a sentence reduction for an abuse of discretion. *United States v. Smith*, 959 F.3d 701, 702 (6th Cir. 2020); *Boulding*, 960 F.3d at 778. "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (citation omitted). But even where the district court abuses its discretion, we may only vacate its decision if the error was not harmless. *See United States v. Gillis*, 592 F.3d 696, 698 (6th Cir. 2009); *cf. United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011). And we can affirm on any grounds supported by the record, even if different from the reasons of the district court. *See United States v. Bonds*, 839 F.3d 524, 530 (6th Cir. 2016); *cf. United States v. Gilbert*, 952 F.3d 759, 762 (6th Cir. 2020).

Courts follow a multi-step process when considering motions to reduce a sentence under the First Step Act. *See United States v. Goodwin*, 87 F.4th 321, 326 (6th Cir. 2023).

The threshold inquiry is whether the defendant is "eligible" for a sentence reduction. *Boulding*, 960 F.3d at 778–79. A defendant is eligible only if he was convicted of a "covered offense"—i.e., "a violation of a Federal criminal statute" for which "the statutory penalties . . . were modified by . . . the Fair Sentencing Act of 2010." *See* § 404, 132 Stat. at 5222; *see also Boulding*, 960 F.3d at 781 ("[E]ligibility for resentencing under the First Step Act turns on the statute of conviction alone."). If the defendant is eligible, the court must then recalculate the defendant's Guidelines and statutory ranges "using the 'legal changes' from the Fair Sentencing Act that Congress made retroactive in the First Step Act." *Goodwin*, 87 F.4th at 326 (citation omitted); *see also United States v. Caver*, 101 F.4th 422, 427–28 (6th Cir. 2024) (explaining that recalculating the Guidelines necessarily requires recalculating the statutory range); U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). If the defendant's recalculated Guidelines range allows for a lower sentence than the one already imposed, then the court determines whether the 18 U.S.C. § 3553(a) factors warrant a sentence reduction. *See Caver*, 101 F.4th at 427–28; *Goodwin*, 87 F.4th at 326–27.

Begin with what the district court did right: deny the motion. Abdullah is not entitled to a sentence reduction because, at the Guidelines-recalculation step, "the Fair Sentencing Act's changes would still trigger the same mandatory-minimum sentence that [the] district court originally imposed." *Caver*, 101 F.4th at 428.

The case of Abdullah's co-defendant, Caver, is instructive and controlling. Recall that Caver was convicted of the same offense, with the same drug quantities, and sentenced to the same term of imprisonment as Abdullah. Although Caver was convicted of a covered offense, the Fair Sentencing Act did not change his statutorily required mandatory-minimum life sentence. *See id.* at 426–28. The Fair Sentencing Act changed the drug quantity triggering a mandatory life sentence for those convicted of two prior felony-drug offenses from "50 grams" to "280 grams." *Id.* at 427. But the jury found that Caver had conspired to distribute between 500 grams and 1.5 kilograms of crack cocaine—"well above" even the new 280-gram threshold for a mandatory life sentence. *Id.* at 427–28. Because Caver's statutorily required mandatory-minimum sentence did not change, the district court had no discretion to reduce his sentence. *Id.*

The analysis here is the same. Although Abdullah (like Caver) was convicted of a covered offense and clears the threshold inquiry, *see Boulding*, 960 F.3d at 781–82, his motion fails at the Guidelines-recalculation step because (also like Caver) he has two prior felony-drug convictions and was found guilty of conspiring to distribute between 500 grams and 1.5 kilograms of crack cocaine. The Fair Sentencing Act's changes in drug quantities therefore do not benefit Abdullah; he is still subject to a mandatory-minimum sentence of life imprisonment because he was convicted of a crack-cocaine-related crime involving over 280 grams. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (2002), *with id.* § 841(b)(1)(A)(iii) (2018). Neither the Fair Sentencing Act nor the First Step Act entitles Abdullah to a sentence below the statutory mandatory minimum. *See Caver*, 101 F.4th at 429. Therefore, even if the district court had appropriately considered Abdullah's arguments, it had no discretion to reduce his sentence.

We end with what the district court did wrong. Although we grant district courts broad discretion in managing their own dockets, we "look unfavorably upon lengthy, unjustified, and inexplicable delays on the part of district courts in deciding cases." *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 782 (6th Cir. 2007). We see no reason in the record to justifiably explain why the district court took 1,625 days to resolve a straightforward sentence-reduction motion.

Nor was the order finally issued by the district court adequate. That gravely flawed order failed to analyze Abdullah's sentence-reduction motion under the multi-step test discussed above and instead ruled on an argument—entitlement to compassionate release due to the COVID-19 pandemic—that Abdullah's motion plainly did not advance. Indeed, Abdullah filed his First Step Act motion in August 2019—months before the world had even heard of the term "COVID-19."

Finally, we note that the district court's inadequate order here was one of several materially identical orders (with the only difference being the defendant's name, prison, and number of positive COVID-19 cases) that the court issued within a matter of a couple days. Like Abdullah's, those motions went unresolved for multiple years. *See, e.g.*, R. 56, *United States v. Richards*, No. 1:18-cr-131 (N.D. Ohio Jan. 23, 2024) (motion pending for three years); R. 89, *United States v. Campana*, No. 1:07-cr-210 (N.D. Ohio Jan. 24, 2024) (motion pending for two

and a half years); R. 38, *United States v. Harris*, No. 1:17-cr-206 (N.D. Ohio Jan. 24, 2024) (motion pending for almost two and a half years); R. 132, *United States v. Morris*, No. 1:17-cr-414 (N.D. Ohio Jan. 24, 2024) (motion pending for almost two years); R. 119, *United States v. Williams*, No. 5:16-cr-326 (N.D. Ohio Jan. 24, 2024) (motion pending for three years); R. 1072, *United States v. Ugochukwu*, No. 1:10-cr-405 (N.D. Ohio Jan. 24, 2024) (motion pending for almost two years). Only one of those defendants appealed, and in that case, we vacated the district court's order and remanded, directing the district court to actually consider the defendant's arguments for compassionate release. *See United States v. Ugochukwu*, 2024 WL 4298541, at *3 (6th Cir. Sept. 24, 2024).

Notwithstanding, as explained above, the district court's errors were harmless because Abdullah is not entitled to relief under the First Step Act. So we must affirm the denial of his motion. *See Bonds*, 839 F.3d at 530; *cf. In re Rivers Elec. Corp.*, 355 F.3d 415, 442 (6th Cir. 2004) (recognizing that "we review judgments, not reasoning").

III.

We affirm the district court's denial of Abdullah's motion for a sentence reduction.