[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10532

_____

D.C. Docket No: 8:07-cr-00454-JSM-TGW-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL PAUL MAIELLO, JR.,
a.k.a. M.P.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District Of Florida

_____

(August 19, 2015)

Before MARTIN and ROSENBAUM, Circuit Judges, and PROCTOR,[*] District
Judge.

_____

[*] Honorable R. David Proctor, United States District Judge for the Northern District of Alabama,
sitting by designation.

PROCTOR, District Judge:

On April 10, 2014, the United States Sentencing Commission voted unanimously to amend the U.S. Sentencing Guidelines ("USSG") to lower the base offense levels (found in the Drug Quantity Table in USSG § 2D1.1) by two levels across all drug types. The vehicle for this change was Amendment 782, which went into effect on November 1, 2014. A difficult issue that the Commission confronted in adopting Amendment 782 was whether it should be applied to eligible incarcerated offenders on a prospective basis only. Instead, the Commission opted to apply Amendment 782 retroactively, with one important exception: eligible offenders who are currently incarcerated are not eligible for release before November 1, 2015. This one-year "delay," promulgated at USSG § 1B1.10(e), is very significant for certain prisoners. There are a number of offenders who, if given the benefit of the two level guideline reduction (without the section 1B1.10(e) delay), would otherwise be eligible for quicker relief (and, in some cases, immediate release). But these prisoners are now required to wait until November 2015 to be released from custody. Michael Paul Maiello, Jr. is one of those prisoners. He challenges the district court's decision to apply the one year delay contemplated by section 1B1.10(e) to his motion for a sentence reduction.

This case presents a straightforward question: Did the district court err when it applied section 1B1.10(e) to the motion for sentence reduction under 18 U.S.C. §

2

3582(c)(2) and Amendment 782 filed by Maiello?  After careful review, and with the benefit of oral argument, we hold that it did not.  Therefore, we affirm the district court's ruling.

## I.  BACKGROUND

After voting to amend the sentencing guidelines to reduce the base offense levels for most drug offenses (Amendment 782), the Commission asked for public comment on the question of retroactivity and it received more than 60,000 letters in response. That correspondence came from members of Congress, the judiciary, advocacy groups, inmates, as well as other groups and individuals. The Commission also held a public hearing and heard from representatives of the judicial and executive branches, the defense bar, law enforcement, and certain advocacy groups.

A major concern expressed at the public hearing was the impact retroactivity would have on public safety, particularly given the burdens retroactivity would place on the criminal justice system and the risks posed by the predicted early release of thousands of drug offenders.[1]  Some law enforcement groups opposed retroactivity altogether, noting (among other things) concerns that early release of drug offenders would have a deleterious effect on public safety and crime rates. The Criminal Law Committee of the Judicial Conference expressed concerns about

---

[1] The hearing transcript is available at http://www.ussc.gov/sites/default/files/pdf/amendment-process/public-hearings-and-meetings/20140610/transcript.pdf.

the burdens that retroactive application of Amendment 782 would impose on an already strained probation and pretrial services system.  The Director of the Bureau of Prisons detailed the laborious task of recalculating the new projected release dates, formulating release plans, and arranging for residential reentry center custody or home confinement as inmates prepared to reenter society.

A compromise was reached and Amendment 788 was passed, making Amendment 782 retroactive, albeit with a delayed effective date. USSG App. C, Amend. 788 (2014).  Amendment 782 became effective immediately for defendants sentenced on or after November 1, 2014. But for defendants who were sentenced prior to the effective date, the Sentencing Commission promulgated section 1B1.10(e), which prohibits any order granting relief under Amendment 782 from taking effect prior to November 1, 2015.  That is, section 1B1.10(e) prohibits district courts from reducing a "term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." USSG § 1B1.10(e).

The Commission determined that under this framework, the administrative burdens of applying Amendment 782 retroactively, although significant, would be "manageable given the one-year delay in the effective date, which allows courts and agencies more time to prepare."  USSG App. C, Amend. 788 at 87 (Reason for

Amendment). The Commission also stated that such a delay was needed for additional reasons:

> (1) to give courts adequate time to obtain and review the information necessary to make an individualized determination in each case of whether a sentence reduction is appropriate,
>
> (2) to ensure that, to the extent practicable, all offenders who are to be released have the opportunity to participate in reentry programs and transitional services, such as placement in halfway houses, while still in the custody of the Bureau of Prisons, which increases their likelihood of successful reentry to society and thereby promotes public safety, and
>
> (3) to permit those agencies that will be responsible for offenders after their release to prepare for the increased responsibility.

Id. at 88.

## II. SUMMARY OF RELEVANT FACTS

Maiello is a prisoner who was sentenced before November 1, 2014.  In 2008, he pled guilty to a single count of conspiracy to possess with intent to distribute, and to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine.  Maiello is currently serving a 108 month sentence.  Based upon that sentence, his release date is February 5, 2016.

On February 3, 2015, Maiello moved for a reduction of his sentence pursuant to section 3582(c)(2) and Amendment 782.  Maiello requested that the reduction be granted "without application of USSG § 1B1.10(e)." The district court granted Maiello's motion in part.  The court reduced Maiello's sentence "from 108

months to 80 months or time served, whichever is greater;" however, the court declined to suspend the application of section 1B1.10(e), such that Maiello's projected early release date is now November 2, 2015.[2]  If given a 28-month sentence reduction, and had the one year delay not been applied, Maiello would have been eligible for immediate release. On appeal, he argues that the district court's application of section 1B1.10(e) was in error and that he should have been immediately released from prison based on time served.

### III. STANDARD OF REVIEW

We review *de novo* a district court's legal conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c). United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013) (citing United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam)); United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (citing United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam)).

### IV. DISCUSSION

Maiello argues that the district court, in granting his motion under 18 U.S.C. § 3582(c)(2), erred in applying the effective-date limitation.  In support of this argument, Maiello asserts that: (1) the district court violated 18 U.S.C. § 3582(a) by declining to suspend the application of section 1B1.10(e); (2) the Sentencing Commission exceeded its statutory authority in passing section 1B1.10(e); (3) the

---

[2] Maiello is due to be released on November 2, 2015 because November 1, 2015 falls on a Sunday.

Sentencing Commission's selection of November 1, 2015 as the earliest possible Amendment 782 release date is arbitrary and capricious; and (4) section 1B1.10(e) violates the constitutional principle of separation of powers. The court addresses each of these arguments, in turn.

## A.    The District Court Did Not Violate 18 U.S.C. § 3582(a)

Maiello contends that, by applying section 1B1.10(e), the district court in effect lengthened or imposed a greater sentence on him (as measured by the difference in time between the date his motion for a sentence reduction was granted in part and November 2, 2015).  He further argues that the district court committed error because this delayed effective date was enacted because of rehabilitative concerns in violation of Tapia v. United States, 131 S. Ct. 2382 (2011).  Both of Maiello's assertions are off the mark.

### 1.    There Was No Imposition or Lengthening of Maiello's Sentence

The Sentencing Commission explained its reasons for delaying the effective date of Amendment 782 until November 1, 2015.  In doing so, the Commission stated in part that retroactivity was intended:

> to ensure that, to the extent practicable, all offenders who are to be released have the opportunity to participate in reentry programs and transitional services, such as placement in halfway houses, while still in the custody of the Bureau of Prisons, which increases their likelihood of successful reentry to society and thereby promotes public safety.

7

USSG App. C, Amend. 788 (2014).

In <u>Tapia v. United States</u>,[3] the Supreme Court held that, under section 3582(a), a sentencing court "may not *impose or lengthen* a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation."  131 S. Ct. at 2393 (emphasis added).  We conclude that Maiello's reliance on section 3582(a) is misplaced as that code section has a materially different purpose than section 3582(c) which applies here.

<u>Tapia</u> and section 3582(a) address the factors courts may properly consider when imposing a term of imprisonment.  However, neither <u>Tapia</u> nor section 3582(a) in any way limit the factors that the Sentencing Commission may consider in determining "in what circumstances and by what amount" prisoners already serving a term of imprisonment may benefit from a retroactive application of a guideline amendment.  Section 3582(a) guides courts in the *initial* imposition of a sentence.  But section 3582(c) has a different purpose – it authorizes a court, in limited circumstances, to modify a term of imprisonment *already imposed*.  "[A] district court proceeding under [section] 3582(c)(2) does not *impose* a new sentence in the usual sense."  <u>Dillon v. United States</u>, 560 U.S. 817, 827,130 S. Ct. 2683, 2691 (2010) (emphasis added).  "[T]he sentence-modification proceedings

---

[3] <u>Tapia</u> involved an appeal of a sentence initially imposed upon conviction.  <u>Tapia</u>, 131 S. Ct. at 2393. Our court has also held that <u>Tapia</u> applies to sentences imposed upon revocation of supervised release.  <u>United States v. Vandergrift</u>, 754 F.3d 1303, 1309 (11th Cir. 2014).

8

authorized by § 3582(c)(2) are readily distinguishable from other sentencing proceedings." Id. at 830, 130 S. Ct. at 2693. As the Supreme Court has further explained:

> A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). In those circumstances, § 3582(c)(2) authorizes a court to reduce the term of imprisonment "if such a reduction is consistent with" applicable Commission policy statements.

Id. at 819, 130 S. Ct. at 2687. "[Section] 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence *reduction* within the narrow bounds established by the Commission." Id. at 831, 130 S. Ct. at 2694 (emphasis added). A motion pursuant to 18 U.S.C. § 3582(c)(2) can only "*reduce* the term of imprisonment." 18 U.S.C. § 3582(c)(2) (emphasis added). Therefore, Tapia is simply inapplicable here because there has been no "imposition or lengthening" of a sentence; indeed, there has only been a reduction of a sentence under section 3582(c)(2).[4]

---

[4] For these same reasons, we conclude that our Vandergrift decision is equally inapplicable. While Tapia involved an original sentence which the district court indicated it was lengthening to allow the defendant to complete a 500-hour drug treatment program while incarcerated, 131 S. Ct. at 2385, Vandergrift dealt with a sentence imposed at a revocation hearing, 754 F.3d at 1306. In both situations, the sentencing court was called upon to impose a sentence after considering the relevant factors contained in 18 U.S.C. § 3582(a). As we have already noted, however, any reliance upon section 3582(a) in this case is misplaced. It is section 3582(c) that controls here. Thus, Maiello's citation to Vandergrift is inapposite.

### 2.    Section 1B1.10(e) is Binding on the Courts

To the extent Maiello contends that the district court should have ignored section 1B1.10(e), he is simply wrong.  As this court has previously explained, "[section] 994(u) requires the Commission to specify the circumstances in which and the amounts by which sentences may be reduced based on retroactive amendments; [section] 994(a)(2)(C) requires that it do so in a policy statement; and [section] 3582(c)(2) requires courts to follow those policy statements." Colon, 707 F.3d at 1259–60.  In a section 3582(c)(2) proceeding, the Commission's policy statements are binding, and courts lack authority to disregard them. See Dillon, 560 U.S. at 825–28, 130 S. Ct. at 2690–92; Colon, 707 F.3d at 1259–60.  Therefore, the district court was not free, as Maiello argues, simply to disregard the binding policy statement in section 1B1.10(e).

### B.    The Adoption of Section 1B1.10(e) Did Not Violate the Administrative Procedure Act

Section 1B1.10(e) specifies that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  Maiello argues that the Commission's selection of November 1, 2015 as the earliest possible release date was arbitrary and capricious, and thus violates the Administrative Procedure Act ("APA").  The government responds in two parts: it contends that (1) the APA does not apply to

10

the Commission's actions here; but, even if it did, (2) the Commission's actions here were not arbitrary or capricious. We agree on both scores.

The Third, Eighth, Ninth, and D.C. Circuits have all held that the Commission is not an "agency" subject to the requirements of the APA. United States v. Tercero, 734 F.3d 979, 984 (9th Cir. 2013); United States v. Wayne, 516 F. App'x. 135, 138 (3d Cir. 2013) (unpublished opinion); United States v. Johnson, 703 F.3d 464, 468 (8th Cir. 2013); United States v. Berberena, 694 F.3d 514, 515 (3d Cir. 2012); Wash. Legal Found. v. U.S. Sentencing Comm'n, 17 F.3d 1446, 1450 (D.C. Cir. 1994) ("Congress decided that the Sentencing Commission would not be an 'agency' under the APA when it established the Commission as an independent entity in the judicial branch."). We agree with our sister circuits and hold that the Sentencing Commission's decisions in this area are not subject to APA review.

Our holding is consistent with our previous decisions, particularly our prior treatment of APA challenges to the Commission's policy statements. As we have previously held, "the Commission's amendment to [section] 1B1.10 was not subject to the APA's notice and comment requirements." Colon, 707 F.3d at 1262. This is so because Congress "made proposed guidelines, but not changes in policy statements, subject to the APA's notice and comment provisions." Id. at 1261 (quoting 28 U.S.C. § 994(x)) ("The provisions of section 553 of title 5, relating to

11

publication in the Federal Register and public hearing procedure, shall apply to the promulgation of *guidelines* pursuant to this section.") (emphasis added).

Finally, even if section 1B1.10(e) were the subject of review under the APA (and, to be clear, we hold that it is not), it would easily pass muster. The Commission considered various factors in deciding to apply Amendment 782 retroactively, including the purpose of the amendment, the magnitude of the change in the guidelines range, and "the difficulty of applying the amendment retroactively." Section 1B1.10, comment. After it conducted the public hearing regarding retroactivity, the Commission chose to address the concerns about the burden that retroactive application would place on the criminal justice system, as well as the public safety concerns posed by this diversion of resources and the early release of tens of thousands of drug offenders.

In deciding to make Amendment 782 retroactive, the Commission explained that the one-year delay would, among other things, allow courts sufficient time to evaluate the motions individually, allow the early-release offenders to receive the same transitional services that other federal inmates receive before their release, and allow the probation office adequate time to marshal resources to effectively supervise the thousands of newly released offenders. USSG App. C, Amend. 788 at 87–88 (Reason for Amendment). The Commission's provision of a one-year delay in implementing Amendment 782 is reasonable and practical. It is neither

12

arbitrary nor capricious.  Maiello's argument that the "record is devoid of any evidence whatsoever as to why the Commission chose November 1, 2015, as the delayed-release date" (Appellant's Brief at 18–19) is simply without merit.  In light of the testimony from certain groups which opposed retroactivity altogether, the decision to delay effectiveness for a one year period was eminently reasonable.

    **C.    The Limitation on Retroactive Application of Amendment 782 Imposed by Section 1B1.10(e) Does Not Violate the Separation of Powers Principle**

Maiello argues that section 1B1.10(e) violates the separation of powers principle by limiting a district court's discretion to decide when a judicial order may take effect. But his argument cuts no ice at all.

First, we rejected a similar separation of powers challenge to an earlier version of section 1B1.10 in Colon, 707 F.3d at 1260–61.  In that case, Colon argued that, by amending section 1B1.10 to prohibit courts from reducing a defendant's sentence below the applicable amended guidelines range except in cases involving substantial assistance, the Sentencing Commission had exceeded its authority under section 994 and had violated the separation of powers doctrine by overriding sentencing courts' decisions to vary downward. Id. at 1260.  We held that "Congress authorized the Commission to impose limitations like that, and doing so does not violate any separation of powers principle." Id. Here, too, the

limitation placed on the effective date of an order granting section 3582(c)(2) relief does not violate any separation of powers principle.

Moreover, it is folly to suppose that courts have unfettered authority to reduce a sentence merely because of a subsequent Guidelines amendment. Rather, a court may only modify a sentence (once it is final) when limited exceptions apply. 18 U.S.C. § 3582(c).  That is, courts only have the authority to reduce a sentence which is part of a final judgment because Congress placed that authority in the hands of the judiciary in the first place.  And when Congress so acts, it certainly may legislate that a permissible reduction shall be subject to the Commission's policy statements. 18 U.S.C. § 3582(c)(2).  Indeed, Congress has expressly delegated to the Commission the power to "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment ... may be reduced." 28 U.S.C. § 994(u). The Commission's exercise of this authority in no way encroaches on judicial power. The courts still maintain the power that Congress legislated to them in the first instance. Cf. Boston–Bollers v. I.N.S., 106 F.3d 352, 355 (11th Cir. 1997) (per curiam) (provision of Antiterrorism and Effective Death Penalty Act that eliminated judicial review of final orders of deportation for certain criminals did not violate the separation of powers principle because the courts "have jurisdiction to review certain final

orders of deportation ... only because Congress has conferred it.") (quoting Duldulao v. I.N.S., 90 F.3d 396, 399–400 (9th Cir. 1996)).

Nor can there be any doubt that it is Congress (not some other authority) which grants to the courts the power to reduce a term of imprisonment. The Supreme Court has noted that "the sentence-modification proceedings authorized by § 3582(c) are not constitutionally compelled," but instead represent "a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." Dillon, 560 U.S. at 828, 130 S. Ct. at 2692. In sum, "the scope of judicial discretion with respect to a sentence is subject to congressional control." Mistretta v. United States, 488 U.S. 361, 364 (1989). In promulgating section 1B1.10(e)'s delayed effective date provision, the Commission was acting in a manner consistent with its congressionally authorized delegation. Therefore, the Commission did not exceed its authority under section 994, and section 1B1.10(e) does not encroach on the judiciary's Article III powers. See Colon, 707 F.3d at 1260.

## V. CONCLUSION

For all of these reasons, we conclude that the district court did not err in applying section 1B1.10(e) to its order granting Maiello's section 3582(c)(2) motion. The district court's order applying section 1B1.10(e) to Maiello's request for sentence reduction is

15

**AFFIRMED**.