**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1264
_____

UNITED STATES OF AMERICA

v.

GEOVANI DAVILA, a/k/a Giovanni a/k/a Jovante a/k/a John Doe

Geovani Davila,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 01-cr-00018-001)
District Judge:  Honorable Sylvia Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2016
Before:  JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: June 9, 2016)
_____

OPINION[*]
_____

PER CURIAM

    Geovani Davila, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Court for the Middle District of Pennsylvania denying his motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence. For the reasons that follow, we will affirm the judgment of the District Court.

In 2001, Davila pleaded guilty in District Court to conspiracy to distribute heroin, resulting in death. Davila's Presentence Investigation Report reflects that his base offense level for sentencing purposes was 38 pursuant to U.S.S.G. § 2D1.1(a)(2), which applies when the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance involved in the offense. Davila's total offense level remained at 38 after other adjustments. Based on this offense level and a criminal history category of VI, Davila's guideline range was 360 months to life in prison. The District Court sentenced Davila to 384 months in prison. We affirmed the judgment on direct appeal.

Davila filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in 2005. The District Court denied relief and we denied Davila's request for a certificate of appealability. Davila has sought other relief related to his conviction and sentence without success, including relief in District Court pursuant to Federal Rule of Civil Procedure 60(b) and authorization from this Court to file second or successive § 2255 motions.

In 2015, Davila filed a motion pursuant to § 3582(c)(2) "seeking the two point reduction as stipulated by the sentencing commission and approved by congress [sic]." Motion at 1. The District Court construed the motion as seeking relief under Amendment

2

782 to the Sentencing Guidelines, which lowered the base offense levels associated with drug quantities involved in drug offenses. The District Court appointed the Federal Public Defender to represent Davila, but counsel moved to withdraw based on a determination that Davila was not eligible for a sentence reduction. The District Court granted the motion to withdraw and denied Davila's pro se motion for relief. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo the District Court's interpretation of the Sentencing Guidelines. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review the District Court's ruling on a motion to reduce a sentence under § 3582(c)(2) for abuse of discretion. Id.

Under § 3582(c)(2), a court may reduce a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 lowered the base offense levels found in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). See United States v. Maiello, 805 F.3d 992, 994 (11th Cir. 2015) (discussing adoption of Amendment 782). Davila's base offense level, however, was not determined under § 2D1.1(c), but under § 2D1.1(a)(2). Amendment 782 thus did not lower Davila's base offense level or his sentencing range.

Davila asserts in his brief that § 2D1.1(a)(2) is vague and that § 2D1.1(c) should have applied to his sentencing calculation. We agree with the Government that these

3

arguments are outside the scope of a § 3582(c)(2) proceeding.  See Dillon v. United States, 560 U.S. 817, 825-26 (2010) (addressing limited scope of § 3582(c)(2)).

Accordingly, we will affirm the judgment of the District Court.