[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  18-13523
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00222-CC-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER VEGA-MENDOZA,
a.k.a. Hugo,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 29, 2019)

Before WILSON, JILL PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Francisco Javier Vega-Mendoza, proceeding *pro se*, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence pursuant

to Amendment 782 of the United States Sentencing Guidelines.  The government has moved for summary affirmance and to stay the briefing schedule.  Because Amendment 782 did not change Vega-Mendoza's base offense level and his arguments on appeal are frivolous, we grant the government's motion for summary affirmance and deny as moot its motion to stay the briefing schedule.

In May 2007, Vega-Mendoza pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), and 18 U.S.C. § 2.  At sentencing, the district court held Vega-Mendoza responsible for approximately 758,866.2 kilograms of marijuana, which made his base offense level 38.  The district court sentenced Vega-Mendoza to 360 months of imprisonment.  Vega-Mendoza appealed his sentence, and this Court dismissed his appeal due to a valid appeal waiver in his plea agreement.

While Vega-Mendoza was serving his sentence, the Sentencing Commission adopted Amendment 782 to the Sentencing Guidelines, reducing by two levels some, but not all, of the base offense levels in the drug quantity tables.  *See* U.S.S.G. app. C, amend. 782.  The Sentencing Commission has made Amendment 782 retroactively applicable.  *See United States v. Maiello*, 805 F.3d 992, 995 (11th Cir. 2015) (discussing Sentencing Commission's decision on retroactivity).

2

Based on Amendment 782, Vega-Mendoza filed a motion in the district court to modify his sentence under 18 U.S.C. § 3582(c)(2).  The district court denied his motion, finding that given the drug quantity involved, Amendment 782 would not lower Vega-Mendoza's base offense level, meaning the court lacked authority to reduce his sentence.  This appeal followed.  After Vega-Mendoza filed his brief, the government moved for summary affirmance and to stay the briefing schedule.

The government argues that it is entitled to a summary affirmance because Amendment 782 did not reduce Vega-Mendoza's base offense level and therefore he was ineligible for a sentence reduction under § 3582(c)(2).  Because his appeal is frivolous, we agree that summary disposition is appropriate.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir.

1969).[1]  An appeal is frivolous if it has no arguable merit in law or fact.  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

A district court has discretion to reduce an imprisonment term if a defendant's sentence is based on a sentencing range that was later lowered by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2).  When calculating a new guideline range based on a retroactive amendment to the Guidelines, the court may substitute only the amendment and must leave all other guideline application decisions unaffected.  *Dillon v. United States*, 560 U.S. 817, 821 (2010).  A court may not reduce a defendant's sentence if the retroactive amendment would not actually lower his guideline range.  *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Jones*, 548 F.3d 1366, 1368-69 (11th Cir. 2008) (holding that a district court lacks authority to reduce a defendant's sentence under a retroactive Guidelines amendment when the Sentencing Commission has not lowered the sentencing range applicable to the defendant).

Section 2D1.1(c) of the Sentencing Guidelines provides base offense levels for drug offenses based on the type and quantity of drug involved.  *See* U.S.S.G. § 2D1.1(c).  Amendment 782 to the Sentencing Guidelines altered the base offense levels applicable to certain drug offenses.  *See* U.S.S.G. App. C, Amend. 782

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted the case law of the former Fifth Circuit handed down prior to close of business on September 30, 1981, as its governing body of precedent.

(2014).  Although Amendment 782 modified the drug quantity tables to reduce the base offense levels for various drug crimes, under the revised tables, the base offense level for all offenses involving 90,000 kilograms or more of marijuana remained the same—at 38.  *See* U.S.S.G. § 2D1.1(c)(1).

Here, Vega-Mendoza was held accountable for the equivalent of 758,866.2 kilograms of marijuana, which is above the threshold of 90,000 kilograms required for a base offense level of 38 after Amendment 782.  *See* U.S.S.G. § 2D1.1(c).  Moreover, the district court was not authorized under § 3582(c) to consider Vega-Mendoza's challenges to that finding or to other sentencing issues.  *See Dillon*, 560 U.S. at 821.  Because Vega-Mendoza's guideline range remained the same after Amendment 782, the district court was not authorized to reduce his sentence and properly denied his motion.  *See Jones*, 548 F.3d at 1368-69

The government seeks a summary affirmance in this case.  Because there is no arguable merit to Vega-Mendoza's position that he was entitled to a sentence reduction under Amendment 782, we conclude that a summary affirmance is appropriate here.  *See Davis*, 406 F.2d at 1162; *Preslicka*, 314 F.3d at 531.

For the reasons set forth above, the government's motion for summary affirmance is **GRANTED**, and its motion to stay the briefing schedule is **DENIED AS MOOT**.