[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14198
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00292-SLB-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES WILLIE ASKEW, III,
a.k.a. Q,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 7, 2020)

Before BRANCH, LAGOA and HULL, Circuit Judges.

PER CURIAM:

James Askew, III, a federal prisoner, appeals the district court's order denying his motion to reduce his sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B).  He argues that he was eligible for a retroactive sentence reduction despite having already completed his prison sentence imposed on February 26, 2009.  Askew completed his prison sentence in May 2018 before the First Step Act was enacted in December 2018.  After review, we affirm.

## I. BACKGROUND

### A.    February 26, 2009 Sentencing for Drug Possession and Firearm Convictions

In July 2008, a grand jury indicted Askew for possessing with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 1), and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). In his plea agreement, Askew agreed to plead guilty to both counts and stipulated that Count 1 involved 8.6 grams of crack cocaine.

The PSI applied a base offense level of 24 because Askew's drug offense involved more than 5 grams, but less than 20 grams, of crack cocaine.  See U.S.S.G. § 2D1.1(c)(8) (2008).  After a three-level reduction for acceptance of responsibility, Askew's total offense level was 21.  With a criminal history category of I, Askew's advisory guidelines range was 37 to 47 months' imprisonment.  Because the statutorily required minimum penalty for Count 1 was

2

5 years, under 21 U.S.C. § 841(b)(1)(B)(iii) (2006), his advisory guidelines sentence for Count 1 became 60 months.  See U.S.S.G. § 5G1.1(b) (2008).  The statutory penalty for Askew's § 924(c) firearm conviction was a mandatory consecutive 5 years to his drug offense.  See 18 U.S.C. § 924(c)(1)(A)(i); U.S.S.G. § 2K2.4(b).  On February 26, 2009, the district court sentenced Askew to 60 months on his drug possession conviction in Count 1 and the mandatory consecutive 60 month sentence on his firearm conviction in Count 2, for a total of 120 months in prison.

On June 12, 2009, Askew was committed to the Bureau of Prisons ("BOP"). He began his 120-month sentence having already accumulated 397 days' credit toward his sentence.  In May 2018, Askew finished serving his 120-month sentence and then began serving a wholly separate consecutive sentence imposed by a different district court judge in a different federal criminal case.

**B.    April 1, 2009 Sentencing for Drug Conspiracy Conviction**

In that different federal case in May 2008, Askew was indicted for conspiring to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  A jury convicted Askew of that drug conspiracy offense.  In April 2009, the district court imposed a 240-month sentence to run consecutive to Askew's 120-month sentence already imposed for

Askew's above drug possession and firearm convictions. In May 2018, Askew began serving that 240-month sentence and is presently serving it.

## C.    March 13, 2019 First Step Act Motion

The First Step Act was enacted in December 2018, after Askew had finished serving his drug possession and firearm prison sentences and had begun serving his consecutive drug conspiracy sentence. See First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194 ("First Step Act"). On March 13, 2019, Askew filed a motion to reduce his drug possession sentence under § 404 of the First Step Act. Although Askew was now serving a different sentence imposed by a different district court judge in a different criminal case, he argued that (1) the BOP had aggregated his drug possession sentence with his consecutive drug conspiracy sentence, and (2) a retroactive reduction to his 60-month drug possession sentence would, in effect, reduce his total term of imprisonment, as calculated by the BOP. Based on the First Step Act, Askew asked the district court to reduce his earlier drug possession sentence from 60 months to 12 months and 1 day. The government opposed Askew's motion because Askew already had completed his drug possession prison sentence.

The district court denied Askew's First Step Act motion. First, based on United States v. Llewlyn, 879 F.3d 1291 (11th Cir.), cert. denied, 138 S. Ct. 2585 (2018), the district court rejected Askew's contention that the sentences in his two

4

separate criminal cases were one aggregate sentence. Second, because Askew had already completed his 120-month drug possession and firearm total sentence, the district court concluded, citing 18 U.S.C. § 3582(c)(2), that Askew's request was not consistent with applicable policy statements issued by the Sentencing Commission. The district court cited U.S.S.G. § 1B1.10(b)(2)(C), which prohibits a court from reducing a term of imprisonment to a period less than the term of imprisonment the defendant already has served. This appeal followed.

## II. DISCUSSION

### A.    The First Step Act

Under § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent <u>otherwise expressly permitted by statute</u> or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B) (emphasis added). "And the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment" in certain instances for "covered offenses." <u>United States v. Jones</u>, 962 F.3d 1290, 1297 (11th Cir. 2020). Although a district court may have the authority to reduce a sentence under the First Step Act, it is not required to do so. <u>Id.</u> at 1304.

Here, Askew's drug possession conviction was a "covered offense" because, in his plea agreement, he stipulated to a 8.6 grams drug quantity, which triggered the enhanced statutory penalty of a mandatory minimum 5-year prison sentence in

5

§ 841(b)(1)(B)(iii) (2006). See id. at 1301. Under the Fair Sentencing Act, that drug quantity no longer triggers that mandatory minimum of 5 years. Compare 21 U.S.C. § 841(b)(1)(B)(iii) (2006), with 21 U.S.C. § 841(b)(1)(iii) & (C) (2010). So, if Askew was still serving that drug possession prison sentence, he appears to meet the First Step Act's eligibility requirements. See Jones, 962 F.3d at 1301-03. The disputed issue here though is whether the district court has the authority to reduce a prison sentence that a defendant has already completed serving. We turn to that issue. While we have no First Step Act decision on point, the district court's order and the government on appeal rely heavily on United States v. Llewlyn, so we discuss that decision first.

B.    **United States v. Llewlyn**

In Llewlyn, the defendant moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines.[1] 879 F.3d at 1293. Section 3582(c)(2) authorizes a district court to reduce an otherwise final sentence based on a retroactive amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) instructs a district court to "conside[r] the factors set forth in section 3553(a) to the extent that they are applicable," but it authorizes a reduction on that basis only "if such a reduction is consistent with

---

[1]Amendment 782 went into effect on November 1, 2014 and lowered the base offense levels for most drug offenses. See United States v. Maiello, 805 F.3d 992, 994 (11th Cir. 2015).

6

applicable policy statements issued by the Sentencing Commission." Dillon v.
United States, 560 U.S. 817, 821-22, 824-25, 130 S. Ct. 2683, 2688, 2690 (2010)
(quotation marks omitted).  Section 1B1.10 of the Sentencing Guidelines is the
policy statement governing § 3582(c)(2) proceedings and establishes the extent of
a reduction, if any, a court is authorized to grant under § 3582(c)(2).  See id. at
819, 826-27, 130 S. Ct. at 2687, 2691.  In particular, § 1B1.10(b)(2)(C) of the
Guidelines prohibits a court from reducing a term of imprisonment to a period
"less than the term of the imprisonment the defendant has already served."
U.S.S.G. § 1B1.10(b)(2)(C).

In Llewlyn, the defendant was sentenced in two different criminal cases to
two different federal sentences, with the latter sentence set to run consecutively to
the former.  879 F.3d at 1293.  Llewlyn had already served his first sentence—the
one for which he sought a reduction—when he filed his § 3582(c)(2) motion for
reduction based on an amendment to the Sentencing Guidelines.  Id.  The district
court denied relief and concluded that it was without authority to reduce Llewlyn's
first sentence because doing so would be inconsistent with the prohibition in
§ 1B1.10(b)(2)(C).  Id. at 1294-95.  On appeal, our Court agreed and rejected
Llewlyn's argument that his two different sentences had been "aggregated" by the
BOP, such that he was actually serving a single sentence.  Id. at 1295.  We
reasoned that the BOP's aggregation of sentences was "for administrative

purposes" and "district courts' judicial decisions under § 3582 do not constitute an 'administrative purpose.'" Id. (emphasis omitted). In Llewlyn, our Court also recognized that, in addition to violating § 1B1.10(b)(2)(C), allowing a reduction to an already-served sentence "might allow one court to indirectly interfere with the sentencing decisions of another." Id. at 1298.

## C.    Analysis of Askew's Claims

On appeal, Askew argues that his First Step Act motion was not a motion under 18 U.S.C. § 3582(c)(2) based on an amendment to the guidelines. We agree with Askew on that point. Section 3582(c)(2) applies only when a guidelines sentencing range has been retroactively lowered by the Sentencing Commission, which is not the case here.[2] Cf. United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008). Rather, as noted above, First Step Act motions fall under § 3582(c)(1)(B), which authorizes sentence reductions to the extent "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); Jones, 962 F.3d at 1297.

Askew further argues that, because a First Step Act motion is not brought

---

[2]Section § 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

under § 3582(c)(2), district courts are not constrained by the guideline in § 1B1.10(b)(2)(C), which expressly prohibits a district court from reducing a sentence below the time already served.  We agree with that too.  As explained above, that policy statement governs § 3582(c)(2) sentence reductions based on amendments to the guidelines.  Its prohibition thus does not control § 3582(c)(1)(B) sentence reductions expressly permitted by statute.

Nonetheless, for the four reasons outlined below, we conclude that the district court did not err by denying Askew's § 3582(c)(1)(B) motion for a First Step Act reduction.[3]  First, the district court could not reduce Askew's drug possession prison sentence because there was nothing left to reduce.  But for unrelated criminal conduct independent of his drug possession conviction, Askew would not have even been incarcerated when he filed his First Step Act motion.  In fact, in May 2018, Askew had finished serving both his drug and firearm sentences before the First Step Act was even enacted in December 2018.[4]  The mere fact that at one point in the past a defendant was sentenced for a "covered offense" under

---

[3]This Court reviews de novo whether a district court had the authority to modify a term of imprisonment.  Jones, 962 F.3d at 1296.  "We may affirm on any ground supported by the record."  Castillo v. United States, 816 F.3d 1300, 1303 (11th Cir. 2016) (quotation marks omitted).

[4]Because Askew had completed the prison sentence on both his drug possession and firearm convictions, we need not, and do not, address a different scenario where a defendant had completed a drug conviction sentence but was still serving a related firearm conviction sentence in the same criminal case.

the First Step Act does not mean that he can employ the First Step Act to reduce the wholly separate prison term he is currently serving for an unrelated crime in a different case.

Second, although our precedent in Llewlyn is not on point, it is instructive as to the BOP's aggregation of sentences. The Llewlyn Court explained, albeit in the context of a § 3582(c)(2) motion, that the BOP's aggregation of sentences was "for administrative purposes" and "district courts' judicial decisions under § 3582[(c)(2)] do not constitute an 'administrative purpose.'" Llewlyn, 879 F.3d at 1295 (emphasis omitted). Instead, for § 3582(c)(2) purposes, consecutive sentences in different criminal cases remain distinct terms of imprisonment. Id. The same is true for motions brought under § 3582(c)(1)(B) and the First Step Act. The BOP's administrative mechanism or procedure cannot open the door to a form of retroactive relief that is not expressly provided for in the statute. As of May 2018, Askew is now imprisoned for a different crime in a different case than his "covered offense" in this case and, therefore, is no longer eligible for First Step Act relief in this case.[5]

Third, although Askew's 240-month drug conspiracy conviction was set to run consecutive to his 120-month drug possession and firearm total sentence, the

---

[5]We express no opinion about Askew's eligibility for an independent First Step Act reduction to his separate 240-month drug conspiracy sentence that he is serving currently.

10

sentences were imposed by different district court judges in different criminal cases. Allowing a retroactive reduction to Askew's already-served drug possession sentence would allow one district court to "indirectly interfere with the sentencing decisions of another" in a separate case by, in effect, reducing the amount of time Askew is currently serving on his already-imposed 240-month drug conspiracy sentence.[6] See Llewyln, 879 F.3d at 1298.

Fourth, we recognize that Askew never left federal custody when he completed his drug possession and firearm sentences and that, to the BOP, Askew is serving one continual stint in prison. But if Askew had never had his second criminal case, he would have been released in May 2018, and it would be readily apparent there was no prison sentence left to reduce in his first case. The mere fact that Askew committed other crimes for which he has a separate sentence does not permit him to obtain a reduction in a prior sentence he already completed in a different case. This result is also consistent with the important principle of finality.

In sum, we conclude that, under the factual circumstances of this case, the district court did not err in denying Askew's § 3582(c)(1)(B) motion to reduce his drug possession sentence that was already served in full before the First Step Act was enacted. Accordingly, we affirm.

---

[6]Askew even acknowledges this fact on appeal: "If the [drug] sentence in this case were reduced under the First Step Act, the total prison term would be reduced accordingly, and time previously credited toward service of this [drug] sentence would count toward Mr. Askew's other [240-month drug] sentence instead."

11

**AFFIRMED.**