[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13906

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFRIDO FLOREZ-MONTANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:02-cr-00228-JSM-JSS-9

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Wilfrido Florez-Montano, a Columbian national and federal prisoner proceeding *pro se*, appeals the denial of his motion to reduce his sentences under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. The government, in turn, moves for summary affirmance and to stay the briefing schedule. For the reasons stated below, we grant the government's motion for summary affirmance and deny its motion to stay the briefing schedule as moot.

## I.

As brief background, in 2002, a jury found Florez-Montano guilty of: (1) one count of possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States; and (2) one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States. At trial, the evidence showed that a United States Coast Guard vessel had searched a fishing vessel and found two guns and 268 packages of cocaine totaling 4,665 kilograms of cocaine. Florez-Montano acted as a crew member on that fishing vessel.

Florez-Montano was sentenced by the district court to 292 months' imprisonment, based on a sentencing guidelines calculation of a total offense level of 40 and a criminal history category I.

21-13906                Opinion of the Court                3

He appealed, but we affirmed his sentence. *See United States v. Estrada-Tello*, 99 F. App'x 879 (11th Cir. 2004).[1]

In 2014, after filing a series of motions not relevant to this appeal, Florez-Montano filed a *pro se* motion to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. The probation office issued a memorandum addressing his eligibility for a reduction and found that he was ineligible for a reduction because the Drug Quantity Table remained the same at level 38 for 4,665 kilograms of cocaine. The district court also appointed counsel for the purpose of seeking to reduce his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, but the Federal Public Defender's office announced that it would not be filing a motion for a sentence reduction based on the same reasoning. The district court denied this motion.

In 2021, Florez-Montano filed this motion and once again sought to reduce his sentence under § 3582(c)(2) and Amendment 782, arguing that the amendment applied and would reduce his total sentence by 58 months. He also argued that he had exemplary conduct in prison and had completed post-sentencing rehabilitation. The district court once again denied his motion, finding that his drug quantity exceeded the eligibility threshold such that Amendment 782 would not lower his base offense level. This appeal ensued.

---

[1] Angel Neri Estrada-Tello was a codefendant in Florez-Montano's case.

## II.

On appeal, Florez-Montano argues that the district court did not consider his current motion and intervening facts or law when it denied his motion. Specifically, he asserts that the court did not consider his post-sentencing rehabilitation efforts. He also argues for the first time on appeal that he was not subject to a final order of removal, other inmates had been released which created sentencing disparities, and the district court abused its discretion by not appointing him counsel.

In response, the government moves for summary affirmance, arguing that the district court could not have reduced Florez-Montano's sentence because Amendment 782 does not lover his guideline range and that he had previously been appointed counsel.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

We review de novo a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009). We liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But we review arguments brought for the first time on appeal only for plain error. *United States v. Anderson*, 1 F.4th 1244, 1268 (11th Cir. 2021); Fed. R. Crim. P. 52; *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that a § 3582(c)(2) motion is criminal). "Plain error occurs when (1) there was an error, (2) the error was plain or obvious, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Anderson*, 1 F.4th at 1268–69. To satisfy the plain error rule, an asserted error must be clear from the plain meaning of a statute or constitutional provision or from a holding of the Supreme Court or this Court directly resolving it. *United States v. Morales*, 987 F.3d 966, 976 (11th Cir.), *cert. denied*, 142 S. Ct. 500 (2021).

Ordinarily, a district court may not modify a defendant's term of imprisonment once it has been imposed. § 3582(c). But, under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Accord* U.S.S.G. § 1B1.10(a)(1). The grounds on which a district court may reduce a defendant's sentence under § 3582(c)(2), however, are narrow. *United States*

*v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  For a defendant to be eligible for such a reduction, the Sentencing Commission must have amended the Sentencing Guidelines, the amendment must have lowered the defendant's sentencing range, and the relevant amendment must be listed in U.S.S.G. § 1B1.10(d).  *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & cmt. n.1(A).  The applicable guideline range is a defendant's guideline range before any departures or variances.  U.S.S.G. § 1B.10 cmt. n.1(A).  When determining the extent to which a reduction in a defendant's term of imprisonment is warranted under § 3582(c)(2), a court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced," but "shall leave all other guideline application decisions unaffected."  *Id.* § 1B1.10(b)(1).  Thus, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his . . . sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *Hamilton*, 715 F.3d at 337 (alteration in original) (quoting *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008)).

Amendment 782 revised the drug quantity tables in U.S.S.G. § 2D1.1 and raised the threshold amount of cocaine required for a base offense level of 38 from 150 kilograms to 450 kilograms, resulting in a two-level reduction to the base offense level applicable to many drug offenses.  *See* U.S.S.G. app. C, amend. 782 (2014).

Because Amendment 782 is one of the listed amendments that applies retroactively, it may serve as the basis for a § 3582(c)(2) motion to reduce sentence.  U.S.S.G. §§ 1B1.10(a)(1), (d).

Finally, a defendant does not have a mandatory constitutional right to counsel in a § 3582(c)(2) motion.  *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009).

Here, each of Florez-Montano's contentions is meritless. First, the district court properly considered his present § 3582(c)(2) motion for a sentence reduction.  The court referenced his previous motion for a sentence reduction, but did so to acknowledge his previous effort to reduce his total sentence using the same amendment.

Second, Florez-Montano was not entitled to a sentence reduction in 2021, or even when he sought one in 2014,[3] under Amendment 782.  As relevant here, U.S.S.G. § 2D1.1(c)(1) established a base offense level of 38 for 450 kilograms or more of cocaine.  Amendment 782 changed the applicable drug threshold to 450 kilograms of cocaine, *see id.* app. C, Amend. 782; *id.* § 2D1.1(c)(1), but his offense conduct involved 4,665 kilograms of cocaine.  That establishes a base offense level of 38, the same as his

---

[3] Amendment 782 became effective immediately for defendants sentenced on or after November 1, 2014.  *United States v. Maiello*, 805 F.3d 992, 995 (11th Cir. 2015).  But for defendants who, like Florez-Montano, were sentenced prior to the effective date, the Sentencing Commission promulgated section 1B1.10(e), which prohibited any order granting relief under Amendment 782 from taking effect prior to November 1, 2015.  *Id.*

previous base offense level. § 2D1.1(c)(1). Using the amended guidelines, a total offense level of 40 and a criminal history category I establishes a guideline sentencing range of 292 to 365 months' imprisonment, the same as his previous range. *See* U.S.S.G., Sentencing Table. Thus, as his guideline range did not change, the district court did not have the authority to reduce his total sentence.

Third, for those arguments that Florez-Montano raises for the first time on appeal, even construing *pro se* filings liberally, his assertions regarding not being subject to a final order of deportation and sentencing disparities with other inmates do not show an error, let alone an error that is plain. *Anderson*, 1 F.4th at 1268–69; *Morales*, 987 F.3d 966, 976. As for his appointment of counsel arguments, there is no constitutional required appointed counsel for a § 3582(c)(2) proceeding, *Webb*, 565 F.3d at 794–95, and the Public Defender's Office already appeared and declined to file a brief because of the drug quantity found at sentencing meaning that his base offense level remained the same.

Accordingly, because the government's position is correct as a matter of law, we **GRANT** the government's motion for summary affirmance and **DENY** as moot its motion to stay the briefing schedule.

**AFFIRMED.**