**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11727

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE EVANS BIVINS, JR.,

a.k.a. Ziggy,

Defendant-Appellant.

_____

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 9:13-cr-80034-KAM-1

_____

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

George Evans Bivins, Jr., proceeding pro se, appeals the district court's order denying his pro se motion for a sentence

reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines.  He argues that, in denying his motion, the district court failed to consider or adequately address mitigating evidence, including his postconviction rehabilitation.

"In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (citation modified).  If § 3582(c)(2) applies, we review the denial of a sentence reduction for an abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

A district court has no inherent authority to modify a defendant's sentence and may do so only when authorized by statute or rule.  *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015).  Under § 3582(c)(2), upon a defendant's motion, a district court may reduce a term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore*, 541 F.3d at 1330.

Under the 2013 Sentencing Guidelines, a defendant who conspired to possess with intent to distribute at least 2.8 kilograms but less than 8.4 kilograms of cocaine base received a base offense level of 36.  U.S.S.G. § 2D1.1(a)(5), (c)(2) (2013).  Amendment 782 to the Sentencing Guidelines, which became effective on November 1, 2014, lowered the base offense level for such an offense from 36 to 34.  *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2014)*, Amendment 782; *see also* U.S.S.G. § 2D1.1(a)(5), (c)(3) (2024).  The Sentencing Commission made Amendment 782 retroactive to defendants sentenced before its effective date.  *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2014)*, Amendment 788; *United States v. Maiello*, 805 F.3d 992, 995 (11th Cir. 2015) (explaining that Amendment 788 made Amendment 782 retroactive, though district courts were only authorized to grant such retroactive relief beginning on November 1, 2015).

Under both the 2013 and 2024 Sentencing Guidelines, a defendant qualified as a career offender if (1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction was a felony that was either a crime of violence or a controlled substance offense; and (3) the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a) (2013); U.S.S.G. § 4B1.1(a) (2024).  Additionally, a career offender whose offense carried a statutory maximum term of life imprisonment had an offense level of 37, subject to an acceptance of responsibility adjustment, unless his "otherwise applicable" offense level

was greater.  U.S.S.G. § 4B1.1(b) (2013); U.S.S.G. § 4B1.1(b) (2024). A defendant with a total offense level of 37 and a criminal history category of VI had a guideline imprisonment range of 360 months to life.  U.S.S.G. ch. 5, pt. A (2013); U.S.S.G. ch. 5, pt. A (2024).

While we liberally construe pro se filings, *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024), a party abandons an issue on appeal by failing to raise it in a brief, *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Here, Bivins has abandoned any challenge to the district court's dispositive findings that Amendment 782 and a presidential commutation of his sentence did not affect his guideline imprisonment range by failing to address these findings in his brief.  In any event, even if Bivins had not abandoned this claim, the district court did not err in finding that he was ineligible for a § 3582(c)(2) sentence reduction.  *See Moore*, 541 F.3d at 1326.  While Amendment 782 altered Bivins's base offense level from 36 to 34—and, as a result, his total offense level from 39 to 37—it did not modify the sentencing range upon which his 360-month sentence was based. *See id.* at 1330; U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2014)*, Amendment 782.  Indeed, even after Amendment 782, Bivins remained a career offender with a criminal history category of VI and an "otherwise applicable" total offense level of 37.  U.S.S.G. § 4B1.1(a), (b) (2024).  Based on a criminal history category of VI and a total offense level of 37, Bivins's guideline imprisonment range was still 360 months to life.  *See* U.S.S.G.

ch. 5, pt. A (2013); U.S.S.G. ch. 5, pt. A (2024).  Moreover, there is no legal authority supporting Bivins's contention that the commutation of his sentence, which made no mention of his offense level or criminal history category, altered his guideline imprisonment range.

Thus, the district court did not err in determining that Bivins was ineligible for a sentence reduction based on Amendment 782 or the presidential commutation of his sentence.  *Moore*, 541 F.3d at 1326.  And because this finding was fatal to his § 3582(c)(2) motion, this Court need not address the district court's § 3553(a) findings.

**AFFIRMED.**