**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11901

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EDSON GELIN,

a.k.a. Bo,

*Defendant- Appellant.*

_____

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 6:17-cr-00131-CEM-LHP-3

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Edson Gelin, a federal prisoner proceeding pro se, was sentenced to a total of 600 months' imprisonment (the statutory minimum sentence) following his convictions on various narcotics and firearm charges.  He now appeals the denial of his motion for compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A).  For the reasons which follow, we affirm.

**I**

Mr. Gelin argues that that the district court abused its discretion by denying his motion because it disregarded intervening changes of law and fact, including amendments to U.S.S.G. § 1B1.13.  He contends that he established "extraordinary and compelling reasons" for release based on a combination of factors under § 1B1.13(b)(5), including his diminishing health conditions, intervening changes in the statutory penalties for his offenses, and government misconduct.  He maintains that the court did not properly consider the factors under 18 U.S.C. § 3553(a), particularly the need to avoid disproportionate sentences.  He also submits that the court erred in finding that he posed a danger to the community because it relied on outdated circumstances.

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A).  The same plenary standard applies to a district court's legal conclusions about the scope of its legal authority under the statute.  *See United States v. Giron*, 15 F.4th

1343, 1345 (11th Cir. 2021); *United States v. Maiello*, 805 F.3d 992, 996 (11th Cir. 2015).[1]

After eligibility is established, we review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *See Giron*, 15 F.4th at 1345. "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Giron*, 15 F.4th at 1345. The abuse of discretion standard is not "simply a rubber stamp." *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021) (quoting *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017)). A district court must explain its sentencing decisions, including its decision to grant or deny a motion for compassionate release, adequately enough to allow us to meaningfully review the decision on appeal. *Id.*

In general, a court may not modify a sentence once it has been imposed, except under certain circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). Either the Bureau of Prisons, or a defendant who has fully exhausted administrative remedies, may move the court to reduce

---

[1] Pro se pleadings are held to a less-stringent standard than those drafted by attorneys and are liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

the term of imprisonment based on compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) the § 3553(a) sentencing factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; and (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 3142(g), and a reduction is consistent with applicable Sentencing Commission policy statements. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). District courts need not address these three conditions in a specific sequence, as the lack of even one forecloses a sentence reduction. *See Tinker*, 14 F.4th at 1237-38. If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *See id.*

## II

In order to qualify for compassionate release, U.S.S.G. § 1B1.13(a)(2) provides that the court must find that the defendant is not a danger to any other person or to the community under § 3142(g). To determine whether a defendant is a danger to the community under § 3142(g), the district court must consider (1) the nature and circumstances of the offense charged, including whether it is a crime of violence, a terrorism crime, involved a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person;

(3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* § 3142(g).

Here, the district court did not abuse its discretion in denying Mr. Gelin's motion for a sentence reduction because it did not clearly err in finding that he posed a danger to the community under § 3142(g). In its order, the court incorporated the findings it had made in 2020 when it denied an earlier similar motion by Mr. Gelin. *See* D.E. 662 (incorporating D.E. 448). In the 2020 order, the court found that Mr. Gelin was a danger to the community:

> At trial the evidence revealed that Defendant Gelin participated as a member in a drug trafficking organization that transported cocaine from Miami, Florida to be sold from multiple residences in the Orlando, Florida area. Defendant Gelin was responsible for the distribution of over five kilograms of cocaine and would personally travel to Miami in order to transport cocaine to Orlando. During their investigation, law enforcement officers conducted a traffic stop where they seized two kilograms of cocaine being transported by Defendant Gelin from Miami to the drug trafficking organization in Orlando. Further exacerbating the danger these offenses posed to the community at large was the fact that Defendant Gelin possessed multiple firearms in furtherance of these drug offenses. In consideration thereof, the Court cannot in good conscience grant the relief requested.

D.E. 448 at 3-4.

Based on our review of the record, we see no clear error in this determination, particularly given Mr. Gelin's role as a manager in the narcotics scheme.  *See* PSI at ¶ 70.  *See also United States v. Hurtado*, 779 F.2d 1467, 1472 (11th Cir. 1985) (holding that a dangerousness finding under § 3142(g) is a factual one that is subject to the clearly erroneous standard of review).[2]

### III

The district court's denial of Mr. Gelin's § 3582(c)(1)(A) motion is affirmed.

**AFFIRMED.**

---

[2] Because we may affirm on this ground alone, we need not determine whether the district court properly considered the § 3553(a) factors, nor whether it erred in finding that no extraordinary and compelling reasons for release existed under § 1B1.13.