[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12858

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANCISCO SALDANA,
a.k.a. Frank,
a.k.a. Frank Rivera,
a.k.a. Warren G,

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:95-cr-00605-PAS-1

—————————————

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Francisco Saldana appeals the denial of his motion for compassionate relief and motion for reconsideration.  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Saldana led a violent conspiracy to distribute crack cocaine in Miami from 1988 to 1995, aided by his brother and right-hand man, Jose.  In 1996, Saldana was found guilty of eleven counts arising from the conspiracy—six drug counts, four gun counts, and one count of engaging in a continuing criminal enterprise.  The district court sentenced Saldana to four consecutive life sentences—along with several other concurrent prison terms—followed by another fifteen-years' imprisonment.  In 2022, the district court reduced Saldana's sentence under section 404 of the First Step Act to 442 months' imprisonment followed by 6 years of supervised release.

Saldana moved for compassionate release under 18 U.S.C. section 3582(c)(1)(A) in March 2023.  Saldana explained that, if released, he would live with his niece, Yanderi Lupu, in Georgia.  He

argued that he had a medical condition that qualified as a "compelling and extraordinary reason" that warranted compassionate release because he developed several medical conditions while in prison, including end-stage kidney disease and chronic heart failure; required regular dialysis; became wheel-chair bound; and had part of his left leg amputated. And Saldana contended that the 18 U.S.C. section 3553(a) factors weighed in favor of compassionate release because he had a traumatic childhood, he completed multiple education courses in prison, his reentry plan allowed him to reintegrate into society, and he posed no danger to the public given his medical condition.

The district court, after weighing the section 3553(a) factors, denied the compassionate release motion. Saldana's reentry plan, the district court explained, "fail[ed] to mention" that Jose—who was "assessed at a high-risk of recidivism"—also lived with Lupu. That left the district court concerned that Saldana might reoffend if he began living with his former right-hand man. That concern was underscored by the fact that Saldana's "mind remain[ed] sharp," as shown by his completion of several education programs in prison, and Saldana's failure to undergo "behavioral modification therapy." Together, those created a risk to public safety because, while Saldana's medical condition was a "compelling and extraordinary reason," Saldana could still "use his persuasive leadership skills and mental abilities to reengage in criminal activities."

Saldana moved for reconsideration, largely reiterating the arguments in his compassionate release motion. To address the

district court's concern about him and Jose living together, Saldana explained that Jose would move ten minutes away to live with another of Saldana's nieces.

The district court, citing the section 3553(a) factors, denied the motion for reconsideration. The district court once again found that Saldana's intelligence made him "capable of being an effective mastermind" if granted compassionate release. The district court also found that Saldana did "not show[] genuine remorse for his past actions." And even if Jose moved ten minutes away, Saldana would still "have his former right-hand"—who was "assessed at a high risk of recidivism"—"readily available to him" and could "reengage [with Jose] in strategy as to criminal activity." So, because Saldana failed to present anything that made the district court "reconsider its prior public safety concerns considering the [section] 3553(a) factors," the district court denied the motion for reconsideration.

## STANDARD OF REVIEW

We review a district court's order denying compassionate release for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court only abuses its discretion "if it applies an incorrect legal standard, follows improper procedures in making [its] determination, . . . makes findings of fact that are clearly erroneous," or "it commits a clear error of judgment." *Id.* at 911–12 (quotation omitted).

## DISCUSSION

23-12858              Opinion of the Court                    5

Saldana presses three arguments for why the district court abused its discretion:  (1) it relied on Jose's risk of recidivism without notice or giving Saldana an opportunity to contest the risk assessment; (2) it considered that Saldana had not undergone behavioral modification therapy; and (3) it improperly weighed the section 3553(a) factors.  We disagree in each respect.

### Jose's Risk of Recidivism

First, Saldana contends that the district court abused its discretion when it cited Jose's risk of recidivism because it was never disclosed to Saldana and he didn't have the opportunity to contest it.  *See United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010) ("[E]ach party must be given notice of and an opportunity to contest new information relied on by the district court in a [section] 3582(c)(2) proceeding.").  But even assuming it was error to cite Jose's risk of recidivism, it doesn't require us to reverse.

Saldana didn't raise this issue to the district court—including in his motion for reconsideration—so we review only for plain error.  *See United States v. Laines*, 69 F.4th 1221, 1229 (11th Cir. 2023). "Plain error occurs when (1) there was an error, (2) the error was plain or obvious, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings."  *United States v. Anderson*, 1 F.4th 1244, 1268–69 (11th Cir. 2021).  An error only affects a defendant's substantial rights "when the error is prejudicial; that is, the error affected the outcome of the district court proceedings."

*United States v. Maradiaga*, 987 F.3d 1315, 1323 (11th Cir. 2021) (cleaned up).

Here, Saldana hasn't explained how an opportunity to review and contest his brother's risk of recidivism would have affected the outcome of the proceedings. Putting aside Jose's risk of recidivism, the district court's real concern was getting the old gang back together and giving Saldana the opportunity to reoffend. Since the district court's concern was the risk of Saldana reoffending if given easy access to his right-hand man, there is no indication that, had Saldana had the opportunity to contest Jose's risk of recidivism, the district court would have granted Saldana's compassionate release motion. Thus, Saldana hasn't demonstrated that any plain error affected his substantial rights. *Cf. United States v. Vandergrift*, 754 F.3d 1303, 1312 (11th Cir. 2014) (holding that a defendant did not demonstrate a plain error at sentencing affected his substantial rights when he would have received the same sentence without the error).

### Behavioral Therapy

Next, Saldana argues that the district court erred when considering his lack of behavioral modification therapy because it was contrary to *Tapia v. United States*, 564 U.S. 319 (2011), and faulted him for the fact that the facility he is incarcerated in doesn't have behavioral modification therapy. The district court did not abuse its discretion when considering this information.

Section 3582(a) requires district courts, when fashioning a sentence, to "recogniz[e] that imprisonment is not an appropriate

means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). In *Tapia*, the Supreme Court held that under section 3582(a) "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Id.* at 335. And we've held that a "*Tapia* error occurs where the district court" even "*considers* rehabilitation when crafting a sentence of imprisonment." *Vandergrift*, 754 F.3d at 1310.

*Tapia*, however, doesn't apply here. "*Tapia* and section 3582(a) address the factors courts may properly consider when imposing a term of imprisonment." *United States v. Maiello*, 805 F.3d 992, 997 (11th Cir. 2015). "[S]ection 3582(c) has a different purpose—it authorizes a court, in limited circumstances, to modify a term of imprisonment *already imposed*." *Id.* So *Tapia* does not apply to a section 3582(c)(1)(A) motion like Saldana's and the district court could not commit a *Tapia* error here. *See id.* (holding that *Tapia* does not apply to section 3582(c)(2)); *United States v. Bryant*, 996 F.3d 1243, 1256 n.5 (11th Cir. 2021) ("[P]recedents about Section 3582(c)(2) are instructive when interpreting Section 3582(c)(1)(A).").

But even if *Tapia* applied, the district court did not abuse its discretion. The district court did not consider rehabilitation when denying Saldana's compassionate release motion because it didn't deny the motion "to enable [Saldana] to complete a treatment program or otherwise to promote rehabilitation." *Tapia*, 564 U.S. at 335. The district court only mentioned the fact that Saldana had

not received behavioral modification therapy as one reason why the district court thought Saldana still posed a danger to the public. That was an appropriate, and required, factor for the district court to consider when addressing Saldana's compassionate release motion. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the district court to consider the section 3553(a) factors); *id.* § 3553(a)(2)(C) (requiring the district court to consider the need "to protect the public from further crimes of the defendant"). A district court does not abuse its discretion when it does what section 3582(c) tells it to do.

### Section 3553(a) Factors

Finally, Saldana raises several arguments to challenge the district court's consideration of the section 3553(a) factors; for example, that the district court improperly weighed some factors, clearly erred when finding that the public needed to be protected from Saldana, and wrongly rejected Saldana's reentry plans. We find no abuse of discretion.

Section 3582(c)(1)(A) requires a district court to "make[] three findings" before it can grant a compassionate release motion: "first, that an extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with U.S.S.G. [section] 1B1.13; and third, that [section] 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) (footnote omitted). "If any one of the necessary findings cannot be made," the motion must be denied. *Id.* at 1348. When considering whether the section 3553(a) factors weigh in favor of compassionate release, "[t]he weight given to any

specific [section] 3553(a) factor is committed to the sound discretion of the district court," *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016), and "we will not substitute our judgment in weighing the [section 3553] factors," *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (quotation omitted).

Saldana hasn't demonstrated that the district court abused its discretion when it found that the section 3553(a) factors weighed against granting his compassionate release motion. The district court's orders make clear that when denying Saldana's motions, it rightly considered Saldana's potential to reoffend, intelligence, medical condition, and lack of remorse; his crimes; and the danger his reentry plans posed to the public. *See* 18 U.S.C. § 3553(a)(1), (2)(C) (requiring the district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant"). And the district court did not commit a clear error in judgment when, after weighing those factors, it determined that Saldana posed a threat to the public. *See Kuhlman*, 711 F.3d at 1327.

## CONCLUSION

The district court did not abuse its discretion when denying Saldana's compassionate release motion. We therefore affirm its orders denying Saldana's compassionate release motion and his motion for reconsideration.

**AFFIRMED.**